Jason A. Imes, Esq., NV Bar No. 7030
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV  89146-5308
Telephone:     (702) 228-7590
Facsimile:     (702) 892-0122
E-Mail:        bkfilings@s-mlaw.com
*Attorneys for Lenard E. Schwartzer, Trustee*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>MEDIZONE INTERNATIONAL, INC.,<br><br>                              Debtor. | Case No. BK-S-18-12662-LEB<br><br>Chapter 7<br><br>**DECLARATION OF JASON A. IMES SUPPORTING EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME TO HEAR:**<br><br>**(1) EMERGENCY MOTION FOR INTERIM ORDER AUTHORIZING TRUSTEE TO OBTAIN POST-PETITION FINANCING (11 U.S.C. §364); AND**<br><br>**(2) EMERGENCY MOTION FOR ORDER AUTHORIZING TRUSTEE TO OPERATE DEBTOR'S BUSINESS (11 U.S.C. §721);**<br><br>**AND TO LIMIT NOTICE OF ORDER SHORTENING TIME AND MOTIONS (FRBP 2002)** |

I, Jason A. Imes, Esq. of Schwartzer & McPherson Law Firm, attorneys for Lenard Schwartzer, Chapter 7 Trustee (the "Trustee"), declare the following under penalty of perjury:

1. The *Trustee's Emergency Motion For Interim Order Authorizing Trustee To Obtain Post-Petition Financing (11 U.S.C. §364)* (the "Financing Motion") has been filed along with a supporting *Declaration of Lenard E. Schwartzer* (the "Schwartzer Financing Declaration").

2. The Trustee has also filed an *Emergency Motion for Order Authorizing Trustee to Operate Debtor's Business (11 U.S.C. §721)* (the "Operating Motion") along with a supporting *Declaration of Lenard E. Schwartzer* (the "Schwartzer Operating Declaration").

/ / /

**A.      The Motion to Allow Post-Petition Financing (11 U.S.C. §364)**

3.      The Financing Motion seeks an expedited preliminary hearing (pending a final hearing) for entry of an Interim Order authorizing the Trustee to obtain secured credit pursuant to 11 U.S.C. §364(c) in the sum of up to Two Hundred Thousand dollars ($200,000.00) from creditors Edwin G. Marshall and Jill Marshall.  The funds will be used to operate the Debtor's business for approximately 90 days from the petition date (May 8, 2018 through August 10, 2018) to preserve and maximize the value of the bankruptcy estate's assets for the benefit of creditors, and thereby avoid immediate and irreparable harm to the estate.

4.      The particular terms of the proposed financing are set forth in the motion and Loan Agreement attached to the Motion as **Exhibit "1"** but are summarized as follows:

| | | |
|---|---|---|
| Interest Rate | 10.00% per annum (subject to 400 basis points increase in the event of a default) | ¶3 |
| Maturity | Upon closing of sale of property of the estate (as defined in the Loan Agreement) | ¶4 |
| Events of Default | Non-payment of any amounts due under loan; Expenditures beyond authorization in proposed budget; Entry of order adversely affecting loan or Lender rights; Breach by borrower of loan terms | ¶19 |
| Other Prior Liens | None known, and none disclosed in Debtor's schedules | N/A |
| Borrowing Limits | $200,000.00 | ¶3 |
| Borrowing Conditions | Subject to Bankruptcy Court approval of Loan Agreement, and approval of Trustee's motion to continue to operate under 11 U.S.C. §721 | ¶2 |
| Collateral | Debt will be secured by superpriority administrative expense claim, and a first priority secured interest in and lien on the assets of the estate (not including Chapter 5 avoidance and recovery claims held by the Trustee) | ¶8 |
| Carveout for Administration | Lenders' lien subordinated to $15,000 maximum carveout for Trustee's expenses | ¶10 |
| Adequate Protection | Not Applicable (no pre-petition lien claims) | N/A |
| Automatic Stay Relief | Shortened notice period for relief from automatic stay in event of default (7 days) | ¶12 |

/ / /

/ / /

/ / /

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

5. The proposed financing also includes a loan fee of $25,000.00, and the proposed debt will be secured by a lien on assets of the bankruptcy estate, including without limitation the Debtor's goodwill, patents, inventory, equipment, but not including any avoidance claims the Trustee may hold, and will have superpriority status pursuant to 11 U.S.C. §507(b). The Trustee's right to surcharge this collateral pursuant to 11 U.S.C. §506(c) will be waived, except for a carveout of up to $15,000.00 for the Trustee's fees and expenses of the estate (to which the Marshalls will subordinate their claim). The debt will be repaid upon sale of the estate's assets.

**B.     The Motion to Operate Debtor's Business (11 U.S.C. §721)**

6. The Trustee's Operating Motion is concurrently seeking authorization to operate the Debtor's business pursuant to 11 U.S.C. §721 and the loan funds will be used for that operation.

7. The Trustee is requesting that both motions be heard on shortened time because, as detailed in the motions, he has been contacted by creditors Edwin G. Marshall and Jill Marshall (the "Marshalls") and they are interested in purchasing the assets of the bankruptcy estate. The Trustee has determined that the value of the estate's assets (including but not limited to inventory, patent rights, and pending regulatory approvals) will be substantially diminished and/or lost if the business does not continue to operate for a short period of time. For example, payroll must be made by **June 1, 2018**, to ensure retention of key employees. The Trustee has determined that retention of the key employees is necessary for the operation and value of the business. Additionally, the Debtor's pending regulatory applications must be kept moving to preserve the future value of the enterprise, and a number of hazardous pathogens are maintained and must be kept secure at the Debtor's certified laboratory in Canada.

8. Operation of the business, in concert with the credit agreement offered by the Marshalls, will allow the Trustee to immediately manage the immediate dangers and prevent immediate and irreparable harm to the value of the assets, and preserve the value of the assets as detailed in the Motion, pending a final hearing for approval of the proposed financing. *See* Schwartzer Declaration.

9. Notice for the Financing Motion and the Operating Motion can be shortened

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

pursuant to Bankruptcy Rule 9006(c)(1) and LR 9006(a).

**C.     Limiting Notice of Both Motions and Order Shortening Time (FRBP 2002)**

10.     In this case, there are in excess of 2,250 creditors and parties-in-interest listed by Debtors in the mailing matrix [ECF No. 1], so the cost of full notices of the Order Shortening Time and the related motions, exhibits and declarations will be burdensome and costly to the bankruptcy estate. Based on discussions with Debtor's principals and review of the schedules, less than 100 parties are listed on Schedules E, F and G as creditors of the Debtor, so it appears the other 2,200 parties are equity shareholders.

11.     Based on the schedules, there will no funds available for distribution from this bankruptcy estate to equity holders, so the Trustee requests that notice of the requested Order Shortening Time and the Financing Motion and the Operating Motion be limited all creditors listed in the Schedules E, F and G (none are listed in Schedules D or H), any parties listed in the Statement of Financial Affairs, the Chapter 7 Trustee and his counsel (Schwartzer & McPherson Law Firm), Debtor's counsel (Larson Zirzow & Kaplan), creditors that have filed proofs or claim, and any parties that have requested notice. Notice will also be sent to the Office of the United States Trustee, the Internal Revenue Service, Social Security Administration, Nevada Departments of Taxation, Nevada Employment Security Division, Clark County Treasurer, and the Clark County Assessor.

12.     A proposed "Limited Notice List" is attached to the Application as **Exhibit "A."** This limited notice will only apply to the relief requested in this Application and the Financing Motion and the Operating Motion, and any subsequent limitation of notice (if appropriate) will be sought by separate application.

13.     I believe the requested reduction of time for holding the proposed hearing is minimal and will still allow interested parties sufficient time to respond.

DATED:  May 22, 2018.

/s/ Jason A. Imes
Jason A. Imes, Esq.

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122