1  Jason A. Imes, Esq., NV Bar No. 7030
   Schwartzer & McPherson Law Firm
2  2850 South Jones Blvd., Suite 1
   Las Vegas NV 89146-5308
3  Telephone:    (702) 228-7590
   Facsimile:    (702) 892-0122
4  E-Mail:bkfilings@s-mlaw.com
5  *Attorneys for Lenard E. Schwartzer, Trustee*

6             **UNITED STATES BANKRUPTCY COURT**

7                  **DISTRICT OF NEVADA**

8  In re:                              | Case No. BK-S-18-12662-LEB

9  MEDIZONE INTERNATIONAL, INC.,       | Chapter 7

10                          Debtor.    | **APPLICATION TO EMPLOY
11                                      | CASSAN MACLEAN AS
12                                      | SPECIAL LITIGATION COUNSEL
                                        | FOR MAINTENANCE OF
13                                      | PATENT RIGHTS PURSUANT TO
                                        | 11 U.S.C. §327(e)**
14                                      | Hearing Date:   July 19, 2018
                                        | Hearing Time:   11:00 a.m.

15

16        Lenard E. Schwartzer, Chapter 7 Trustee (the "Trustee") for the above-captioned

17  bankruptcy case, respectfully requests that this Court approve the engagement of the law firm

18  CASSAN MACLEAN ("Proposed Special Counsel") as special litigation counsel to the Trustee *nunc*

19  *pro tunc* to June 8, 2018, pursuant to section 327(a) and 328(a) of the Bankruptcy Code and

20  Bankruptcy Rule 2014(a).  The Trustee proposes to engage the law firm of CASSAN MACLEAN for

21  maintenance of the patent rights held by the bankruptcy estate through mid-September 2018 in

22  exchange for advance payment of USD$13,000.00.  The employment terms are set forth with

23  more particularity in this Application and patent summary attached as **Exhibit "1."**

24        This Application is also based upon the *Declaration of P. Scott Maclean* (the "Maclean

25  Declaration") filed concurrently with this Application, and the following Points and Authorities.

26

27

28

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

## I.    JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. §157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.    CASE BACKGROUND

1.    On April 18, 2018, creditors Edwin G. Marshall and Dr. Jill C. Marshall (collectively, the "Marshalls"), and creditor Ushio America, Inc. (together with the Marshalls, the "Petitioning Creditors"), filed an involuntary petition under Chapter 11 the Bankruptcy Code against Debtor MEDIZONE INTERNATIONAL, INC. (the "Debtor") in Reno, Nevada, thereby commencing bankruptcy case number 18-50412-GWZ (the "Involuntary Chapter 11 Case").

2.    On May 8, 2018 (the "Petition Date"), the Debtor filed its own voluntary case pursuant to Chapter 7 of the Bankruptcy Code in Las Vegas, Nevada [ECF No. 1], and the Trustee has been appointed to administer this Chapter 7 estate.

3.    The Trustee has been granted authorization to operate the business for approximately 90 days from June 1, 2018 through August 31, 2018 [ECF No. 36], and has been authorized to borrow up to $200,000.00 from the Marshalls to fund said operation [ECF No. 40].

4.    The Debtor's most recent Form 10-K annual report filed March 20, 2018, with the United States Securities and Exchange Commission indicates the assets of the bankruptcy estate include a number of patents registered in the United States, Europe (, United Kingdom, France, Germany), Canada, China, Hong Kong, Singapore and Mexico, and that the Debtor has two patent applications pending in 38 countries that are parties to the EU Patent Treaty as well as South Korea, India and, Singapore, Brazil and Mexico.  *See also* excerpt of Schedule B and related exhibit "B" [ECF No. 1] attached to this Application as **Exhibit "2."**

5.    Up to the Petition Date, the Debtor employed Proposed Special Counsel to provide patent agency and legal services to the Debtor. These services comprised patent application filing and prosecution activities before the World Intellectual Property Office ("WIPO"), the U.S. Patent & Trademark Office, the Canadian Patent Office, the European Patent Office and various individual national patent offices in respect of about half a dozen inventions. Such activities

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  included coordinating consultations and actions, in countries other than Canada, via foreign patent

2  agency and legal firms. Prosecution activities typically involved monitoring progress of the

3  applications before the patent offices concerned and then considering objections encountered,

4  making recommendations to Medizone and then preparing and filing formal responses.  Proposed

5  Special Counsel also monitored and maintained formal requirements in the applications over time,

6  including managing periodic maintenance fee (e.g. annuity) payments. *See* Maclean Declaration.

7        6.      Attached as **Exhibit "1"** is a chart of all maintenance fees and annuities that are

8  expected to come due through mid-September 2018 (the "<u>Patent Expenses</u>"), and includes matters

9  that the Trustee proposes to have Proposed Special Counsel service during the 90-day period of

10  the trustee's limited operations (June 1, 2018 through August 31, 2018).

11        7.      The Patent Expenses add up to CA$15,700 (approximately USD$12,098), and

12  include government fees, foreign associates' fees, and Proposed Special Counsel's fees.  Except

13  for the Canadian Patent (for which Proposed Special Counsel deals with the Canadian Patent

14  Office directly) Proposed Special Counsel deals with patent agency firms or specialty annuity

15  firms to arrange for timely payments to the foreign governments concerned. Payments in advance

16  are usually required to secure timely payments.  Untimely instructions and/or payment may result

17  in additional urgency charges by the firms involved, which charges are speculative, highly

18  variable, and accordingly not included in the above estimates. *See* Maclean Declaration.  As such,

19  the Trustee has determined that prompt employment of Proposed Special Counsel will reduce the

20  estate's exposure to potential urgency charges.

21        8.      Proposed Special Counsel currently asserts an unsecured pre-petition claim for

22  attorney's fees in the sum of approximately US$15,000 for prepetition services, but Proposed

23  Special Counsel has determined that (due to their limited role) this does not present a conflict.  It

24  is in Proposed Special Counsel's interest to help maintain the value of the intellectual property

25  assets for liquidation. *See* Maclean Declaration.

26        9.      As the providers of post-petition financing to the estate, the Marshalls have

27  considered and support the employment of Proposed Special Counsel, and have agreed to advance

28  the sum of USD$13,000.00 to Proposed Special Counsel (the "<u>Advanced Funds</u>") to maintain the

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

estate's patent rights.  The funds paid to the firm will be deemed an advance against the loan to the bankruptcy estate from the Marshalls pursuant to the post-petition financing agreement with the Trustee [ECF No. 40].

10.    Proposed Special Counsel has the advantage of already being extremely familiar with the estate's patent portfolio, and the firm's work will be limited to maintaining the current patent rights.  The firm is willing and able to begin work immediately upon deposit of the advanced funds (USD$13,000.00) and filing of this Application.  *See* Maclean Declaration.

11.    The payment of any additional amount to Proposed Special Counsel will require separate approval by the Trustee, and also by this Court pursuant to 11 U.S.C. §330.  *See* Maclean Declaration.

12.    The Trustee has concluded that engagement of Proposed Special Counsel pursuant to the terms set forth above is reasonable and in the interest of the estate and its creditors.

## Memorandum Of Law

### I.  Basis for Retention of Special Litigation Counsel

11. U.S.C. § 327(a) authorizes employment of professionals, including counsel, who do not represent adverse interests to the estate and provides:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. §327(e) authorizes employment of special purpose professionals when it is in the best interest of the estate and provides:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

/ / /

/ / /

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

11. U.S.C. § 328(a) provides guidance regarding compensation of the professionals:

> The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

Section 328 permits a professional to have the terms and conditions of its employment pre-approved by a bankruptcy court, such that the bankruptcy court may alter agreed upon compensation only "if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of fixing such terms and conditions." In re Circle K, Corp., 279 F.3d 669, 671 (9th Cir. 2002).

As the Trustee's special counsel, Proposed Special Counsel will render legal advice and perform legal services to Trustee for maintenance of the estate's patent rights. The firm's fees for such service in the sum of USD$13,000.00 will be paid from an advance by the Marshalls pursuant to the post-petition financing agreement with the Trustee [ECF No. 40]. The Trustee has concluded this arrangement is in the best interest of the estate and creditors because it will benefit other creditors by preserving the value of the estate's assets pending liquidation.

**II.  Disinterestedness and Disclosure of Connections**

A.      Disinterested Pursuant to 11 U.S.C. §101(14)

To the best of its knowledge, Proposed Special Counsel is disinterested within the meaning of Section 101(14) of the Bankruptcy Code **except as set forth herein**. Proposed Special Counsel, its shareholders, counsel and associates (a) are not creditors, equity security holders, or insiders of the Debtor; (b) are not and were not, within two years before the date of the debtor's bankruptcy petition, a director, officer, or employee of Debtor; and (c) do not hold an interest materially adverse to the interest of the estate or of any class of creditors or equity holders by

reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason, **except as stated herein**. (*See* Maclean Declaration.)

**In particular, Proposed Special Counsel represented the Debtor as patent counsel prior to the Petition Date, and has a pre-petition unsecured claim for unpaid fees that may be asserted against the bankruptcy estate. Additionally, the firm conducted U.S. patent work for the Debtor through an associate patent law firm, Durham Jones Pinegar. Durham Jones Pinegar is listed as a creditor in this case but not for work involving Proposed Special Counsel.** (*See* Maclean Declaration.)

B.      Disclosure of Connections Pursuant to FRBP 2014(a)

To the best of its knowledge, neither Proposed Special Counsel nor any member of Proposed Special Counsel, have any connections with the Debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee in this case or in matters upon which Proposed Special Counsel in this case, **except as set forth herein**. (*See* Maclean Declaration.)

Pursuant to FRBP 2014(a), this application is accompanied by the Maclean Declaration which constitutes a verified statement and sets forth, to the best of the declarant's knowledge, the connections, if any, with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee in this case. Proposed Special Counsel will supplement these disclosures in the event further connections are discovered regarding persons or entities that later become identified as appropriate for disclosure. (*See* Maclean Declaration.)

C.      No Adverse Interest Pursuant to 11 U.S.C. §327(a) and §327(e)

To the best of their knowledge, neither Proposed Special Counsel, nor any member of the firm, hold or represent any interest that is adverse to the Debtor or to the estate with respect to the matters for which they are being employed, and they are disinterested pursuant to 11 U.S.C. §101(14) as set forth above. (*See* Maclean Declaration.)

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    Accordingly, the Trustee has determined that, to the best of his knowledge, Proposed

2    Special Counsel, andits partners and associates, are disinterested persons as that term is defined in

3    11 U.S.C. § 101(14) and pursuant to Fed.R.Bankr. P. 2014(a).

4        Normally, special purpose employment is granted under § 327(e) of the Bankruptcy
    Code. That section allows the Trustee to employ "an attorney that has represented
5        the debtor ... if such attorney does not represent or hold any interest adverse to the
    debtor or to the estate with respect to the matter on which such attorney is to be
6        employed." § 327(e). **As stated in its legislative history, § 327(e) is "most likely**
7        **be used when the debtor is involved in complex litigation, and changing**
    **attorneys in the middle of the case after the bankruptcy case has commenced**
8        **would be detrimental to the progress of that other litigation."** House Report
    No. 95–595, 95th Cong., 1st Sess. 328 (1977); Senate Report No. 95–989, 95th
9        Cong., 2d Sess. 38 (1978).

10

11    In re Buffalo Coal Co., No. 06-366, 2008 WL 1925152, at *2 (Bankr. N.D. W.Va. 2008).

12    Subject to the Court's approval of this Application, Proposed Special Counsel is willing to

13    serve as the Trustee' special counsel to perform the legal services described above and the firm

14    will strive to insure that Proposed Special Counsel's employment will not be duplicative of the

15    role of the Trustee's general bankruptcy counsel, Schwartzer & McPherson Law Firm. (*See*

16    Maclean Declaration.)

17    In this case, Proposed Special Counsel and the estate both have a shared interest in

18    maintaining the value of the estate's patent rights, so the interests of the involved parties in this

19    situation are aligned.

20    **III.    Compensation Arrangement**

21    No payments have been made or promised to Proposed Special Counsel for services

22    rendered in any capacity whatsoever in connection with the Chapter 7 Case. (*See* Maclean

23    Declaration.)

24    There is no agreement or understanding between Proposed Special Counsel or any other

25    entity for the sharing of compensation to be received for services rendered in or in connection with

26    this Chapter 7 case, except that funds will be advanced by the firm to foreign associates (foreign

27    law firms and/or specialized annuity companies) that will transmit the actual fee payments to the

28    respective governments. No additional compensation will be paid to Proposed Special Counsel

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  except as authorized by order of this Court, after notice and an opportunity for a hearing. (*See*

2  Maclean Declaration.)

3       Proposed Special Counsel has not received and are not holding any retainer or advance

4  payment for services as Trustee's special litigation counsel in this case.  The proposed total (USD

5  $13,000.00) is based on flat rates by the agencies and governments involved.  There is no time-

6  based component, and such pricing is typical and the custom for international patent firms.  (*See*

7  Maclean Declaration.)

8       The Trustee has determined that it will be economical and consistent with the purposes and

9  policies of the Bankruptcy Code to retain Proposed Special Counsel as special counsel with an

10  advance payment in the sum of USD$13,000.00 that will cover all of the firm's legal fees and

11  costs, government fees, and payments to foreign associates for administration of the various patent

12  rights.  Proposed Special Counsel has agreed to continue to maintain the patent rights on these

13  terms.    (*See* Maclean Declaration.)

14       The Trustee believes the proposed fee is reasonable and is beneficial to the estate and its

15  creditors.  The Trustee has concluded that under these circumstances, employment of Proposed

16  Special Counsel on the proposed terms is appropriate.

17  **IV.    Nunc Pro Tunc Employment**

18       Employment of counsel *nunc pro tunc* is permitted in limited circumstances. In re Atkins,

19  69 F.3d 970 (9th Cir. 1995).  At a minimum, the subject professionals "must (1) satisfactorily

20  explain their failure to receive prior judicial approval [of their employment]; and (2) demonstrate

21  that their services benefitted the bankruptcy estate in a significant manner." In re Atkins, 69 F.3d

22  at 974 and 975–76, citing Halperin v. Occidental Fin. Grp., Inc. (In re Occidental Fin. Grp., Inc.),

23  40 F.3d 1059, 1062 (9th Cir.1994); and Okamoto v. THC Fin. Corp. (In re THC Fin. Corp.), 837

24  F.2d 389, 392 (9th Cir.1988).

25       Proposed Special Counsel has extensive experience in the area of international patent

26  rights, and is best qualified to continue to provide this service, but it was uncertain if the Trustee

27  would continue to operate the business, so the Trustee did not seek employment of the firm until

28  that determination had been made and also approved by the Court.  Proposed Special Counsel has

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

already provided extensive service and will continue to assist the Trustee which will result in a substantial benefit to the bankruptcy estate. *Nunc pro tunc* employment of the firm to June 8, 2018, will ensure there will be no lapse in maintenance of the estate's patent rights. (*See* Maclean Declaration.)

## CONCLUSION

Based upon the foregoing, the Trustee requests:

1. Authority to engage the law firm of Cassan Maclean as special counsel to the Trustee *nunc pro tunc* to June 8, 2018, for the purpose of maintaining the bankruptcy estate's patent and related rights set forth in **Exhibit "1;"** and

2. Authority to advance USD$13,000 to the law firm of Cassan Maclean for said patent maintenance listed in **Exhibit "1;"** and

3. Such further relief as the Court may allow.

Pursuant to Local Rule 9021, a proposed form of order is attached as **Exhibit "2."**

DATED: June 8, 2018.

/s/ Jason A. Imes
Jason A. Imes, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146
*Attorneys for Lenard E. Schwartzer, Trustee*

# EXHIBIT "1"

| Medizone International Inc. | | | | | |
|---|---|---|---|---|---|
| CM REF. | TITLE | COUNTRY | ACTION | DUE DATE | ESTIMATED AMOUNT DUE ($CAD) |
| 42743-0009 | HEALTHCARE FACILITY DISINFECTING PROCESS AND SYSTEM WITH OXYGEN/OZONE MIXTURE | CANADA | ANNUITY DUE | 05-Jul-18 | $400.00 |
| 42743-0017 | HEALTHCARE FACILITY DISINFECTING PROCESS AND SYSTEM WITH OXYGEN/OZONE MIXTURE | BRAZIL | ANNUITY DUE | 05-Jul-18 | $1,250.00 |
| 42743-0018 | HEALTHCARE FACILITY DISINFECTING PROCESS AND SYSTEM WITH OXYGEN/OZONE MIXTURE | CHINA | ANNUITY DUE | 05-Jul-18 | $1,200.00 |
| 42743-0023 | HEALTHCARE FACILITY DISINFECTING PROCESS AND SYSTEM WITH OXYGEN/OZONE MIXTURE | SINGAPORE | ANNUITY DUE | 05-Jul-18 | $1,350.00 |
| 42743-0038, -0039, -0040 | HEALTHCARE FACILITY DISINFECTING PROCESS AND SYSTEM WITH OXYGEN/OZONE MIXTURE | EUROPE (UK, FRANCE, GERMANY) | ANNUITY DUE | 05-Jul-18 | $3,700.00 |
| 42743-0017 | HEALTHCARE FACILITY DISINFECTING PROCESS AND SYSTEM WITH OXYGEN/OZONE MIXTURE | BRAZIL | ISSUE FEE | 07-Jul-18 | $2,000.00 |
| 42743-0033 | SPORTS EQUIPMENT AND FACILITY DISINFECTION | CANADA | ANNUITY DUE | 07-Sep-18 | $400.00 |
| 42743-0028 | SPORTS EQUIPMENT AND FACILITY DISINFECTION | US | 1ST MAINT FEE DUE | 30-Sep-18 | $1,700.00 |
| 42743-0035, -0036, -0037 | BIO-TERRORISM COUNTERACTION USING OZONE AND HYDROGEN PEROXIDE | EUROPE (GERMANY, FRANCE, UK) | ANNUITY DUE | 30-Sep-18 | $3,700.00 |

# EXHIBIT "2"

1

2

3

4

5

6   Jason A. Imes, Esq., NV Bar No. 7030
7   Schwartzer & McPherson Law Firm
    2850 South Jones Blvd., Suite 1
8   Las Vegas NV 89146-5308
    Telephone:    (702) 228-7590
9   Facsimile:    (702) 892-0122
    E-Mail:bkfilings@s-mlaw.com
10  *Attorneys for Lenard E. Schwartzer, Trustee*

11                 **UNITED STATES BANKRUPTCY COURT**

12                        **DISTRICT OF NEVADA**

13  In re:                                    Case No. BK-S-18-12662-LEB

14  MEDIZONE INTERNATIONAL, INC.,             Chapter 7

15                                 Debtor.

16                                            **[ PROPOSED ] ORDER GRANTING**
                                              **APPLICATION TO EMPLOY**
17                                            **CASSAN MACLEAN AS**
                                              **SPECIAL LITIGATION COUNSEL**
18                                            **FOR MAINTENANCE OF**
                                              **PATENT RIGHTS PURSUANT TO**
19                                            **11 U.S.C. §327(e)**

20                                            Hearing Date:   July 19, 2018
21                                            Hearing Time:   11:00 a.m.

22

23          The Trustee's *Application to Employ Cassan Maclean as Special Litigation Counsel for*

24  *Maintenance of Patent Rights Pursuant to 11 U.S.C. §327(e)* (the "Application") having come

25  before this Court on the 19th day of July, 2018;  Lenard E. Schwartzer, Chapter 7 Trustee (the

26  "Trustee") appearing by and through his counsel, Jason A. Imes., Esq., of the Schwartzer &

27  McPherson Law Firm; the Court having reviewed the Application, there being no opposition filed,

28  and the Court being satisfied that proposed special litigation counsel, CASSAN MACLEAN,

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  represents no interest adverse to the Trustee or the estate of the debtor in this matter, that its

2  employment is necessary and would be in the best interests of the estate, and good cause

3  appearing,

4       **IT IS HEREBY ORDERED** that the Trustee's Application is GRANTED; and

5       **IT IS FURTHER ORDERED** that the Trustee is authorized to employ the law firm of

6  CASSAN MACLEAN as special counsel to the Trustee *nunc pro tunc* to June 8, 2018, pursuant to

7  11 U.S.C. §327(e) for the purpose of maintaining the bankruptcy estate's patent and related rights

8  set forth in attached **Exhibit "1"** pursuant to the terms set forth with more particularity in the

9  Application; and

10       **IT IS FURTHER ORDERED** that the Trustee is authorized to advance the sum of

11  USD$13,000 to the law firm of CASSAN MACLEAN for said patent maintenance.

12       **IT IS SO ORDERED.**

13  Submitted by:

14

15  _____

16  Jason A. Imes, Esq.
   Schwartzer & McPherson Law Firm

17  2850 South Jones Blvd., Suite 1
   Las Vegas NV 89146

18  *Attorneys for Trustee*

19

20

21

22

23

24

25

26

27

28

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

## **LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐    The court waived the requirement of approval under LR 9021(b)(1).

☐    No party appeared at the hearing or filed an objection to the motion.

☐    I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above.

☐    I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objection to the form or content of the order.

_____
Jason A. Imes, Esq.
Schwartzer & McPherson Law Firm

### #

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122