Jason A. Imes, Esq., NV Bar No. 7030
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV  89146-5308
Telephone:     (702) 228-7590
Facsimile:      (702) 892-0122
E-Mail:bkfilings@s-mlaw.com
*Attorneys for Lenard E. Schwartzer, Trustee*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>MEDIZONE INTERNATIONAL, INC.,<br><br>Debtor. | Case No. BK-S-18-12662-LEB<br><br>Chapter 7<br><br>**APPLICATION TO EMPLOY HOGAN LOVELLS US, LLP, AS SPECIAL LITIGATION COUNSEL FOR F.D.A. APPROVAL PROCESS PURSUANT TO 11 U.S.C. §327(e)**<br><br>Hearing Date:  July 19, 2018<br>Hearing Time:  11:00 a.m. |

Lenard E. Schwartzer, Chapter 7 Trustee (the "Trustee") for the above-captioned bankruptcy case, respectfully requests that this Court approve the employment of the law firm of HOGAN LOVELLS US, LLP, ("Proposed Special Counsel") as special litigation counsel to the Trustee *nunc pro tunc* to June 14, 2018, pursuant to section 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a).  The Trustee proposes to engage the law firm of HOGAN LOVELLS US, LLP, to assist with the process for approval of the Debtor's technology by the United States Food & Drug Administration (FDA).  The employment terms and scope of service are set forth with more particularity in this Application and list of proposed services attached as **Exhibit "1."**

This Application is also based upon the *Declaration of Randy J. Prebula* (the "Prebula Declaration") filed concurrently with this Application, and the following Points and Authorities.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. CASE BACKGROUND

1. On April 18, 2018, creditors Edwin G. Marshall and Dr. Jill C. Marshall (collectively, the "Marshalls"), and creditor Ushio America, Inc. (together with the Marshalls, the "Petitioning Creditors"), filed an involuntary petition under Chapter 11 the Bankruptcy Code against Debtor MEDIZONE INTERNATIONAL, INC. (the "Debtor") in Reno, Nevada, thereby commencing bankruptcy case number 18-50412-GWZ (the "Involuntary Chapter 11 Case").

2. On May 8, 2018 (the "Petition Date"), the Debtor filed its own voluntary case pursuant to Chapter 7 of the Bankruptcy Code in Las Vegas, Nevada [ECF No. 1], and the Trustee has been appointed to administer this Chapter 7 estate.

3. The Trustee has been granted authorization to operate the business for approximately 90 days from June 1, 2018 through August 31, 2018 [ECF No. 36], and has been authorized to borrow up to $200,000.00 from the Marshalls to fund said operation [ECF No. 40].

4. The Trustee has determined that the assets of the bankruptcy estate include the Debtor's pending application for approval of its technology by the United Stated Food & Drug Administration (FDA). The Debtor has already made substantial progress through the approval process, and the Trustee has determined that continuing to pursue FDA approval will help maintain the value of the Debtor's assets.

5. Up to the Petition Date, the Debtor had employed Proposed Special Counsel to help navigate the FDA approval process. This approval process requires participation in an upcoming telephone conference meeting, preparing and submitting meeting notes in a timely manner, and reviewing and responding to any questions or comments issued by the FDA, among other things. The total estimated cost for Hogan Lovells US, LLP,' services is $14,571.00, and the proposed services are broken down by the various categories listed in **Exhibit "1."** *See* Prebula Declaration.

6. As the providers of post-petition financing to the estate, the Marshalls have considered and support the employment of Proposed Special Counsel, and have agreed to advance the sum of USD$14,500.00 to Proposed Special Counsel (the "Advanced Funds") to cointue to pursue FDA approval. The funds paid to the firm will be deemed an advance against the loan to the bankruptcy estate from the Marshalls pursuant to the post-petition financing agreement with the Trustee [ECF No. 40].

7. The Trustee has determined that prompt employment of Proposed Special Counsel will ensure the FDA approval process will continue without interruption or delay.

8. Proposed Special Counsel currently asserts an unsecured pre-petition claim for attorney's fees in the sum of approximately USD$76.595.23 for unpaid pre-petition services, but Proposed Special Counsel has determined that (due to their limited role) this does not present a conflict. It is in Proposed Special Counsel's interest to help maintain the value of the estate's assets for liquidation. *See* Preblua Declaration.

9. Proposed Special Counsel has the advantage of already being extremely familiar with the estate's progress in the FDA approval process, and the firm's work will be limited to moving the approval process forward. The firm is willing and able to begin work immediately upon deposit of the advanced funds (USD$14,500.00) and filing of this Application. *See* Prebula Declaration.

11. The payment of any additional amount to Proposed Special Counsel will require separate approval by the Trustee, and also by this Court pursuant to 11 U.S.C. §330. *See* Prebula Declaration.

12. The Trustee has concluded that engagement of Proposed Special Counsel pursuant to the terms set forth above is reasonable and in the interest of the estate and its creditors.

## Memorandum Of Law

### I. Basis for Retention of Special Litigation Counsel

11. U.S.C. § 327(a) authorizes employment of professionals, including counsel, who do not represent adverse interests to the estate and provides:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. §327(e) authorizes employment of special purpose professionals when it is in the best interest of the estate and provides:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11. U.S.C. § 328(a) provides guidance regarding compensation of the professionals:

> The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

Section 328 permits a professional to have the terms and conditions of its employment pre-approved by a bankruptcy court, such that the bankruptcy court may alter agreed upon compensation only "if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of fixing such terms and conditions." In re Circle K, Corp., 279 F.3d 669, 671 (9th Cir. 2002).

As the Trustee's special counsel, Proposed Special Counsel will render legal advice and perform legal services to Trustee for assistance with the FDA approval process as detailed in **Exhibit "1."** The sum of USD$14,500.00 will be paid from an advance by the Marshalls pursuant to the post-petition financing agreement with the Trustee [ECF No. 40] and will be

applied against fees and expenses as they accrue. The Trustee has concluded this arrangement is in the best interest of the estate and creditors because it will benefit other creditors by preserving the value of the estate's assets pending liquidation.

## II. Disinterestedness and Disclosure of Connections

    A.    Disinterested Pursuant to 11 U.S.C. §101(14)

To the best of its knowledge, Proposed Special Counsel is disinterested within the meaning of Section 101(14) of the Bankruptcy Code **except as set forth herein**. Proposed Special Counsel, its shareholders, counsel and associates (a) are not creditors, equity security holders, or insiders of the Debtor; (b) are not and were not, within two years before the date of the debtor's bankruptcy petition, a director, officer, or employee of Debtor; and (c) do not hold an interest materially adverse to the interest of the estate or of any class of creditors or equity holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason, **except as stated herein**. (*See* Prebula Declaration.)

**In particular, Proposed Special Counsel represented the Debtor as counsel in the FDA approval process prior to the Petition Date, and has a pre-petition unsecured claim for unpaid fees that may be asserted against the bankruptcy estate.** (*See* Prebula Declaration.)

    B.    Disclosure of Connections Pursuant to FRBP 2014(a)

To the best of its knowledge, neither Proposed Special Counsel nor any member of Proposed Special Counsel, have any connections with the Debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee in this case or in matters upon which Proposed Special Counsel in this case, **except as set forth herein**. (*See* Prebula Declaration.)

Pursuant to FRBP 2014(a), this application is accompanied by the Prebula Declaration which constitutes a verified statement and sets forth, to the best of the declarant's knowledge, the connections, if any, with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee in this case. Proposed Special Counsel will supplement these disclosures in

the event further connections are discovered regarding persons or entities that later become identified as appropriate for disclosure. (*See* Prebula Declaration.)

C. No Adverse Interest Pursuant to 11 U.S.C. §327(a) and §327(e)

To the best of their knowledge, neither Proposed Special Counsel, nor any member of the firm, hold or represent any interest that is adverse to the Debtor or to the estate with respect to the matters for which they are being employed, and they are disinterested pursuant to 11 U.S.C. §101(14) as set forth above. (*See* Prebula Declaration.)

Accordingly, the Trustee has determined that, to the best of his knowledge, Proposed Special Counsel, and its partners and associates, are disinterested persons as that term is defined in 11 U.S.C. § 101(14) and pursuant to Fed.R.Bankr. P. 2014(a).

> Normally, special purpose employment is granted under § 327(e) of the Bankruptcy Code. That section allows the Trustee to employ "an attorney that has represented the debtor ... if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." § 327(e). **As stated in its legislative history, § 327(e) is "most likely be used when the debtor is involved in complex litigation, and changing attorneys in the middle of the case after the bankruptcy case has commenced would be detrimental to the progress of that other litigation."** House Report No. 95–595, 95th Cong., 1st Sess. 328 (1977); Senate Report No. 95–989, 95th Cong., 2d Sess. 38 (1978).

In re Buffalo Coal Co., No. 06-366, 2008 WL 1925152, at *2 (Bankr. N.D. W.Va. 2008).

Subject to the Court's approval of this Application, Proposed Special Counsel is willing to serve as the Trustee' special counsel to perform the legal services described above and the firm will strive to insure that Proposed Special Counsel's employment will not be duplicative of the role of the Trustee's general bankruptcy counsel, Schwartzer & McPherson Law Firm. (*See* Prebula Declaration.)

In this case, Proposed Special Counsel and the estate both have a shared interest in maintaining the value of the estate's progress with the FDA approval process, so the interests of the involved parties in this situation are aligned.

### III. Compensation Arrangement

No payments have been made or promised to Proposed Special Counsel for services rendered in any capacity whatsoever in connection with the Chapter 7 Case. (*See* Prebula Declaration.)

There is no agreement or understanding between Proposed Special Counsel or any other entity for the sharing of compensation to be received for services rendered in or in connection with this Chapter 7 case, except that funds will be advanced by the firm to foreign associates (foreign law firms and/or specialized annuity companies) that will transmit the actual fee payments to the respective governments. No additional compensation will be paid to Proposed Special Counsel except as authorized by order of this Court, after notice and an opportunity for a hearing. (*See* Prebula Declaration.)

Proposed Special Counsel has not received and is not holding any retainer or advance payment for services as Trustee's special litigation counsel in this case. (*See* Prebula Declaration.)

The Trustee has determined that it will be economical and consistent with the purposes and policies of the Bankruptcy Code to retain Proposed Special Counsel as special counsel with an advance payment in the sum of USD$14,500.00 that is expected to cover all of the firm's legal fees and costs, and these funds will be applied against fees and expenses as they accrue. Proposed Special Counsel has agreed to resume representing the estate in the FDA approval process on these terms. (*See* Prebula Declaration.)

The Trustee believes the proposed fee is reasonable and is beneficial to the estate and its creditors. The Trustee has concluded that under these circumstances, employment of Proposed Special Counsel on the proposed terms is appropriate.

### IV. Nunc Pro Tunc Employment

Employment of counsel *nunc pro tunc* is permitted in limited circumstances. In re Atkins, 69 F.3d 970 (9th Cir. 1995). At a minimum, the subject professionals "must (1) satisfactorily explain their failure to receive prior judicial approval [of their employment]; and (2) demonstrate that their services benefitted the bankruptcy estate in a significant manner." In re Atkins, 69 F.3d at 974 and 975–76, citing Halperin v. Occidental Fin. Grp., Inc. (In re Occidental Fin. Grp., Inc.),

40 F.3d 1059, 1062 (9th Cir.1994); and Okamoto v. THC Fin. Corp. (In re THC Fin. Corp.), 837 F.2d 389, 392 (9th Cir.1988).

Proposed Special Counsel has extensive experience in the FDA approval process, and is best situated and qualified to continue to provide this service, but it was uncertain if the Trustee would continue to operate the business, so the Trustee did not seek employment of the firm until that determination had been made and also approved by the Court. Proposed Special Counsel has already provided extensive service and will continue to assist the Trustee which will result in a substantial benefit to the bankruptcy estate. *Nunc pro tunc* employment of the firm to June 14, 2018, will ensure there will be no lapse in the FDA approval process. (*See* Prebula Declaration.)

## CONCLUSION

Based upon the foregoing, the Trustee requests:

1. Authority to engage the law firm of HOGAN LOVELLS US, LLP, as special counsel to the Trustee *nunc pro tunc* to June 15, 2018, for the purpose of assisting with the FDA approval process and in particular the services set forth in **Exhibit "1;"** and

2. Authority to advance USD$14,500.00 to the law firm of HOGAN LOVELLS US, LLP, for said representation with the funds to be applied against fees and expenses as they accrue; and

3. Such further relief as the Court may allow.

DATED: June 15, 2018.

/s/ Jason A. Imes
Jason A. Imes, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146
*Attorneys for Lenard E. Schwartzer, Trustee*

# EXHIBIT "1"

## EXHIBIT "1"

## LIST OF SERVICES TO BE PROVIDED BY HOGANS LOVELL

- Prepare presentation materials for FDA telephone conference meeting

  (1 individual at $733/hour x 3 hours for materials preparation and discussion with Michael Shannon + 0.5 hours partner review at $765/hour) - $2,581.50

- Review written comments from FDA

  (2 individuals at average rate of $749/hour x 0.5 hours) - $374.50

- Attend pre-meeting call with client

  (1 individual at $733/hour x 1 hour) - $733

- Attend FDA telephone conference meeting

  (2 individuals at average rate of $749/hour x 1 hour) - $1,498

- Debrief with client about next steps in testing, submission pathway, and timing

  (2 individuals at average rate of $749/hour x 1.5 hours for telephone and e-mail summary) - $1,123.50

- Draft and review/revise, and file meeting minutes within 15 days of meeting

  (1 individual at $733/hour x 3 hours for drafting + 0.5 hours partner review at $765/hour + 0.50 hours x $733/hour for discussion with client, + 1 hour paralegal assistance and messenger delivery fee) - $3,448

- Review and revise test protocols for testing initiated following the meeting with FDA

  ($733/hour x 2 hours + $765/hour x 1 hour) - $2,231

- Prepare summary of remaining FDA steps for asset purchase diligence assessments

  ($733/hour x 2 hours) - $1,466

- Review FDA comments on submitted meeting minutes and discuss impact (if any) on pathways or timing

  ($733/hour x 1 hour + $765/hour x 0.5 hours) - $1,115.50

Estimated total - $14,571

# EXHIBIT "2"

Jason A. Imes, Esq., NV Bar No. 7030
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV 89146-5308
Telephone:     (702) 228-7590
Facsimile:      (702) 892-0122
E-Mail:bkfilings@s-mlaw.com
*Attorneys for Lenard E. Schwartzer, Trustee*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re:<br><br>MEDIZONE INTERNATIONAL, INC.,<br><br>Debtor. | Case No. BK-S-18-12662-LEB<br><br>Chapter 7<br><br>**[ PROPOSED ] ORDER GRANTING APPLICATION TO EMPLOY HOGAN LOVELLS US, LLP, AS SPECIAL LITIGATION COUNSEL FOR F.D.A. APPROVAL PROCESS PURSUANT TO 11 U.S.C. §327(e)**<br><br>Hearing Date:  July 19, 2018<br>Hearing Time:  11:00 a.m. |
|---|---|

The Trustee's *Application to Employ Hogan Lovells as Special Litigation Counsel for F.D.A. Approval Process Pursuant to 11 U.S.C. §327(e)* (the "Application") having come before this Court on the 19th day of July, 2018; Lenard E. Schwartzer, Chapter 7 Trustee (the "Trustee") appearing by and through his counsel, Jason A. Imes., Esq., of the Schwartzer & McPherson Law Firm; the Court having reviewed the Application, there being no opposition filed, and the Court being satisfied that proposed special litigation counsel, HOGAN LOVELLS US, LLP, represents

no interest adverse to the Trustee or the estate of the debtor in this matter, that its employment is necessary and would be in the best interests of the estate, and good cause appearing,

**IT IS HEREBY ORDERED** that the Trustee's Application is GRANTED; and

**IT IS FURTHER ORDERED** that the Trustee is authorized to employ the law firm of HOGAN LOVELLS US, LLP, as special counsel to the Trustee *nunc pro tunc* to June 15, 2018, pursuant to 11 U.S.C. §327(e) for representation in the U.S. Food & Drug Administration approval process pursuant to the service list attached as **Exhibit "1"** and the terms set forth with more particularity in the Application; and

**IT IS FURTHER ORDERED** that the Trustee is authorized to advance the sum of USD$14,500.00 to the law firm of HOGAN LOVELLS US, LLP, for said representation to be applied against fees and expenses as they accrue.

**IT IS SO ORDERED.**

Submitted by:

_____
Jason A. Imes, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV 89146
*Attorneys for Trustee*

## LR 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐      The court waived the requirement of approval under LR 9021(b)(1).

☐      No party appeared at the hearing or filed an objection to the motion.

☐      I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above.

☐      I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objection to the form or content of the order.

_____
Jason A. Imes, Esq.
Schwartzer & McPherson Law Firm

### # #