Jason A. Imes, Esq., NV Bar No. 7030
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV 89146-5308
Telephone:    (702) 228-7590
Facsimile:     (702) 892-0122
E-Mail: bkfilings@s-mlaw.com
*Attorneys for Lenard E. Schwartzer, Trustee*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>MEDIZONE INTERNATIONAL, INC.,<br><br>         Debtor. | Case No. BK-S-18-12662-LEB<br><br>Chapter 7<br><br>**DECLARATION OF RANDY J. PREBULA SUPPORTING APPLICATION TO EMPLOY HOGAN LOVELLS US, LLP, AS SPECIAL LITIGATION COUNSEL FOR F.D.A. APPROVAL PROCESS PURSUANT TO 11 U.S.C. §327(e)**<br><br>Hearing Date: July 19, 2018<br>Hearing Time: 11:00 a.m. |

I, RANDY J. PREBULA, hereby declare under penalty of perjury as follows:

1. I am over the age of eighteen and I am competent to make this Declaration. I have personal knowledge of the facts in this matter, except where stated upon information and belief.

2. I make this Declaration in connection with the Trustee's *Application to Employ Cassan Maclean as Special Litigation Counsel for F.D.A. Approval Process Pursuant to 11 U.S.C. §327(e)* (the "Application") filed concurrently with this Declaration.

3. I am an attorney duly admitted to practice in the State of Maryland, and the District of Columbia, and a partner in the law firm of HOGAN LOVELLS US, LLP, which maintains an office at 555 Thirteenth Street, NW, Washington, D.C. 20004.

4. Lenard E. Schwartzer, Chapter 7 Trustee for this bankruptcy estate (the "Trustee"), has asked that our firm provide professional services as set forth in the Trustee's Application. Our firm is experienced and qualified in the matters for which it is to be employed as set forth in the

1 Application. My practice is focused on representing clients in the FDA approval process.

2     5.    I have been informed that on or about April 18, 2018, creditors Edwin G. Marshall and Dr. Jill C. Marshall (collectively, the "Marshalls"), and creditor Ushio America, Inc. filed an involuntary petition under Chapter 11 the Bankruptcy Code against Debtor MEDIZONE INTERNATIONAL, INC. (the "Debtor") in Reno, Nevada. I have also been informed that on May 8, 2018 (the "Petition Date"), the Debtor filed its own voluntary case pursuant to Chapter 7 of the Bankruptcy Code in Las Vegas, Nevada, and the Trustee has been appointed to administer this Chapter 7 estate.

    6.    I am aware that the Trustee has been granted authorization to operate the business for approximately 90 days from June 1, 2018 through August 31, 2018, and has been authorized to borrow up to $200,000.00 from the Marshalls to fund said operation.

    7.    I am also aware that the Trustee has determined that the assets of the bankruptcy estate include the Debtor's pending application for approval of its technology by the United Stated Food & Drug Administration (FDA). The Debtor has already made substantial progress through the approval process, and continuing to pursue FDA approval will help maintain the value of the Debtor's assets.

    8.    Up to the Petition Date, the Debtor had employed our firm to help navigate the FDA approval process. This approval process requires participation in an upcoming telephone conference meeting, preparing and submitting meeting notes in a timely manner, and reviewing and responding to any questions or comments issued by the FDA, among other things. The total estimated cost for Hogan Lovells' services during the Trustee's operation of the business is $14,571.00, and the proposed services are broken down by the various categories listed in the Application at **Exhibit "1."**

    9.    I have been advised that the providers of post-petition financing to the estate, the Marshalls, have considered and support the employment of our firm, and have agreed to advance the sum of USD$14,500.00 to the firm (the "Advanced Funds") to continue the FDA approval process.

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

10. Our firm currently asserts an unsecured pre-petition claim for attorney's fees in the sum of approximately USD$76.595.23 for unpaid pre-petition services, but our firm has determined that (due to their limited role) this does not present a conflict. It is in our firm's interest to help maintain the value of the estate's assets for liquidation.

11. Our firm has the advantage of already being extremely familiar with the estate's progress in the FDA approval process, and the firm's work will be limited to moving the approval process forward. The firm is willing and able to begin work immediately upon deposit of the advanced funds (USD$14,500.00) and filing of the Application.

12. The firm acknowledges that payment of any additional amount to the firm will require separate approval by the Trustee, and also by this Court pursuant to 11 U.S.C. §330.

13. Proposed Special Counsel will render legal advice and perform legal services to Trustee for assistance with the FDA approval process as detailed in **Exhibit "1."** The sum of USD$14,500.00 will be paid from an advance by the Marshalls pursuant to the post-petition financing agreement with the Trustee, and will be applied against fees and expenses as they accrue.

14. To the best of my knowledge, Proposed Special Counsel is disinterested within the meaning of Section 101(14) of the Bankruptcy Code **except as set forth herein**. Proposed Special Counsel, its shareholders, counsel and associates (a) are not creditors, equity security holders, or insiders of the Debtor; (b) are not and were not, within two years before the date of the debtor's bankruptcy petition, a director, officer, or employee of Debtor; and (c) do not hold an interest materially adverse to the interest of the estate or of any class of creditors or equity holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason, **except as stated herein. In particular, Proposed Special Counsel represented the Debtor as counsel in the FDA approval process prior to the Petition Date, and has a pre-petition unsecured claim for unpaid fees that may be asserted against the bankruptcy estate.**

15. To the best of my knowledge, neither Proposed Special Counsel nor any member of Proposed Special Counsel, have any connections with the Debtor, creditors, or any other party in

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  interest, their respective attorneys and accountants, the United States Trustee, or any person
2  employed in the Office of the United States Trustee in this case or in matters upon which Proposed
3  Special Counsel in this case, **except as set forth herein**.

4     16.    This Declaration constitutes a verified statement and sets forth, to the best of the declarant's knowledge, the connections, if any, with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee in this case. Proposed Special Counsel will supplement these disclosures in the event further connections are discovered regarding persons or entities that later become identified as appropriate for disclosure.

    17.    To the best of my knowledge, neither Proposed Special Counsel, nor any member of the firm, hold or represent any interest that is adverse to the Debtor or to the estate with respect to the matters for which they are being employed, and they are disinterested pursuant to 11 U.S.C. §101(14) as set forth above.

    18.    Subject to the Court's approval of this Application, Proposed Special Counsel is willing to serve as the Trustee' special counsel to perform the legal services described above and the firm will strive to insure that Proposed Special Counsel's employment will not be duplicative of the role of the Trustee's general bankruptcy counsel, Schwartzer & McPherson Law Firm.

    19.    Proposed Special Counsel and the estate both have a shared interest in maintaining the value of the estate's progress with the FDA approval process, so the interests of the involved parties in this situation are aligned.

    20.    No payments have been made or promised to Proposed Special Counsel for services rendered in any capacity whatsoever in connection with the Chapter 7 Case.

    21.    There is no agreement or understanding between Proposed Special Counsel or any other entity for the sharing of compensation to be received for services rendered in or in connection with this Chapter 7 case. No additional compensation will be paid to Proposed Special Counsel except as authorized by order of this Court, after notice and an opportunity for a hearing.

    22.    Proposed Special Counsel has not received and is not holding any retainer or advance payment for services as Trustee's special litigation counsel in this case.

23. Proposed Special Counsel has agreed to represent the estate in the FDA approval process on these terms.

24. Proposed Special Counsel has extensive experience in the FDA approval process, and is qualified to continue to provide this service. Proposed Special Counsel has already provided extensive service and will continue to assist the Trustee which will result in a substantial benefit to the bankruptcy estate.

DATED: June 14, 2018.

_____
Randy J. Prebula