MEYERS LAW GROUP, P.C.
MERLE C. MEYERS, ESQ., CA Bar. No. 66849
44 Montgomery Street, Suite 1010
San Francisco, CA  94104
Telephone: (415) 362-7500
Facsimile:  (415) 362-7515
Email:  mmeyers@meyerslawgroup.com

FENNEMORE CRAIG, P.C.
COURTNEY MILLER O'MARA, ESQ., NV Bar No. 10683
300 S. Fourth St., Ste. 1400
Las Vegas, NV 89101
Telephone: (702) 692-8000
Facsimile: (702) 692-8099
Email: comara@fclaw.com

Attorneys for EDWIN G. MARSHALL and
DR. JILL C. MARSHALL, Creditors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

LAS VEGAS DIVISION

| | |
|---|---|
| In re:<br><br>MEDIZONE INTERNATIONAL, INC.,<br><br>                Debtor. | Case No. 18-12662-leb<br><br>Chapter 7<br><br>Date:    October 23, 2018<br>Time:   9:30 a.m.<br>Place:   U.S. Bankruptcy Court<br>             300 Las Vegas Blvd. So.<br>             Ctrm. 3<br>             Las Vegas, NV<br>Judge:   Hon. Laurel E. Babero |

**DECLARATION OF MERLE C. MEYERS IN SUPPORT
OF PETITIONERS' MOTION FOR ALLOWANCE OF
ADMINISTRATIVE EXPENSE CLAIM FOR REIMBURSEMENT**

I, MERLE C. MEYERS, declare:

1.    I am a duly-admitted attorney licensed to practice law in all the courts in the State of California, and the principal of Meyers Law Group, P.C. ("MLG"), counsel for creditors EDWIN G. MARSHALL and DR. JILL C. MARSHALL (the "Marshalls").  In such capacity, I am personally familiar with each of the facts stated herein, to which I could competently testify if called upon to do so in a court of law.

2.    I make this declaration in support of *Petitioner's Motion for Allowance of*

1  *Administrative Expense Claim for Reimbursement* (the "Motion"),[1] filed in the chapter 7 case of
2  MEDIZONE INTERNATIONAL, INC. (the "Debtor").

3        3.    Having filed the Chapter 11 Petition, as counsel for the Marshalls, I attempted to engage the Debtor's management, Messrs. Esposito and Dodd, in a discussion about reorganizing the Debtor in the Chapter 11 Case. The Marshalls offered to lend funds to the Debtor on a postpetition basis in order to fund limited operations of the Debtor while the Debtor reorganized. However, the Debtor's management refused any such discussions without explanation, and instead, on May 8, 2018, the Debtor filed its own chapter 7 petition.

      4.    On May 9, 2018, the Debtor filed an answer to the Chapter 11 Petition, opposing chapter 11 relief based on its chapter 7 filing the day before (docket no. 30 in the Chapter 11 Case).

      5.    With the commencement of the chapter 7 case, the Chapter 11 Petition became moot, and therefore, pursuant to a stipulation between the petitioners, including the Marshalls, and the chapter 7 trustee, the Chapter 11 Case was dismissed by the Court by its order entered on July 16, 2018 (docket no. 35 in the Chapter 11 Case).

      6.    As stated, on May 8, 2018, rather than litigate or consent to the involuntary Chapter 11 Petition, the Debtor filed a voluntary chapter 7 petition (the "Chapter 7 Petition") in the Southern division of this Court, commencing this case no. 18-12662 (the "Chapter 7 Case"). Lenard E. Schwartzer was appointed as the trustee (the "Trustee") of the Debtor's chapter 7 estate and continues to serve in that capacity.

      7.    Upon the Trustee's appointment, the Marshalls made the same postpetition lending offer to the Trustee as they had made to the Debtor's management. Unlike the Debtor's management, the Trustee recognized the benefit to the Debtor's estate in accepting the Marshalls' loan, while the Trustee prepared to sell the Debtor's business as a going concern.

      8.    The Marshalls incurred and paid actual and necessary fees and expenses billed by MLG in a total amount of $28,705.00. Attached hereto as **Exhibit "A"** are true and correct copies of MLG's time sheets related to the Marshalls' representation in the Chapter 11 Case.[2]

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[2] Concurrently, the Marshalls have filed a separate motion seeking reimbursement of attorneys' fees and costs incurred in making loans to the Trustee on a postpetition basis, pursuant to the underlying loan agreement between the Trustee and

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

9. The hourly rates charged by MLG to the Marshalls are the general rates of the firm, as presented to all clients billed on an hourly basis.

10. The legal services provided by MLG in connection with the Chapter 11 Case included the following:

    A. Communicating with the Marshalls and other creditors regarding participation in signing and filing the Chapter 11 Petition;

    B. Preparing and filing the Chapter 11 Petition;

    C. Communicating with the Debtor's management and its counsel regarding the Chapter 11 Petition, including proposed postpetition lending by the Marshalls;

    D. Conferring with the Marshalls regarding ongoing operations and personnel of the Debtor;

    E. Reviewing the Debtor's various filings in connection with the Chapter 11 Petition and subsequent voluntary Chapter 7 Case;

    F. Communicating and coordinating with the Trustee regarding the stipulated dismissal of the Chapter 11 Petition; and

    G. Preparing the Motion for reimbursement of fees and expenses incurred by the Marshalls in connection with the Chapter 11 Petition.

11. MLG's hourly rates are equal to or lower than the rates of comparable counsel in the San Francisco Bay Area, where the Marshalls reside, and are regularly approved by Bankruptcy Courts in the Northern District of California in cases in which MLG acts as estate professionals, either as counsel for the debtor or counsel for a creditors' committee.

12. MLG bills for travel time that is not available for other legal services, such as travel to an airport, waiting for baggage, flight delays, etc., but does not bill for travel time when other services, for other clients, can be performed, such as seated on an airplane in flight. This results in billings that are often less than 50% of normal hourly rates of the full time in travel. Thus, for example, for my travel to and from Las Vegas on May 30, 2018, MLG charged 2.7 hours at my full rate. That amount of time did not include the time of the actual flights, which was roughly 3.2 hours

---

the Marshalls. None of the fees or costs identified in either motion duplicate any fees or costs sought in the other motion.

1  roundtrip (scheduled 8:45 a.m. to 10:21 a.m., 4:41 p.m. to 6:17 p.m.), and was thus less than 50% of
2  the hourly rate for all travel time.

3      13.    I declare under penalty of perjury that the foregoing is true and correct, and that this
4  declaration was executed on September 18, 2018 at San Francisco, California.

        /s/ Merle C. Meyers
        MERLE C. MEYERS

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104