MEYERS LAW GROUP, P.C.
MERLE C. MEYERS, ESQ., CA Bar. No. 66849
44 Montgomery Street, Suite 1010
San Francisco, CA 94104
Telephone: (415) 362-7500
Facsimile: (415) 362-7515
Email: mmeyers@meyerslawgroup.com

FENNEMORE CRAIG, P.C.
COURTNEY MILLER O'MARA, ESQ., NV Bar No. 10683
300 S. Fourth St., Ste. 1400
Las Vegas, NV 89101
Telephone: (702) 692-8000
Facsimile: (702) 692-8099
Email: comara@fclaw.com

Attorneys for EDWIN G. MARSHALL and
DR. JILL C. MARSHALL, Creditors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

| In re: | Case No. 18-12662-leb |
|---|---|
| MEDIZONE INTERNATIONAL, INC., | Chapter 7 |
| Debtor. | Date: October 23, 2018<br>Time: 9:30 a.m.<br>Place: U.S. Bankruptcy Court<br>300 Las Vegas Blvd. So.<br>Ctrm. 3<br>Las Vegas, NV<br>Judge: Hon. Laurel E. Babero |

**DECLARATION OF EDWIN G. MARSHALL IN SUPPORT
OF PETITIONERS' MOTION FOR ALLOWANCE OF
ADMINISTRATIVE EXPENSE CLAIM FOR REIMBURSEMENT**

I, EDWIN G. MARSHALL, declare:

1.  I am an individual who resides in Stinson Beach, California, and am a creditor in the chapter 7 case of MEDIZONE INTERNATIONAL, INC. (the "Debtor"), and in such capacity, I am personally familiar with each of the facts stated herein, to which I could competently testify if called upon to do so in a court of law.

-1-
DECLARATION OF EDWIN G. MARSHALL IN SUPPORT OF PETITIONERS' MOTION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM FOR REIMBURSEMENT
31534 20140

2. I make this declaration in support of *Petitioner's Motion For Allowance Of Administrative Expense Claim For Reimbursement* (the "Motion"),[1] filed in the Debtor's case.

3. As of the date of the commencement of this chapter 7 case, May 8, 2018 (the "Voluntary Petition Date"), the Debtor was a public company with operations in Ontario, Canada. The Debtor developed disinfection solutions for use in hospitals, other healthcare facilities and other institutions. In particular, the Debtor developed and patented a disinfection system named AsepticSure® which utilizes hydrogen peroxide vapor and ozone in a process that achieves dramatic reductions of bacterial and viral pathogens.

4. My spouse, Jill C. Marshall, and I, are the former Director of Operations and Chairman/C.E.O., respectively, of the Debtor. We retired from those positions in February 2017, and entered into separation agreements with the Debtor pursuant to which the Debtor modified existing unsecured promissory notes owing to us in an aggregate amount in excess of $1,500,000, to require monthly payments. By early 2018, the notes were in substantial default, for lack of monthly payments owed to us.

5. Following our retirement, new management was hired by the Debtor: David A. Esposito became the Chairman, and David A. Dodd became the C.E.O. The president of the Debtor was Dr. Michael E. Shannon. Dr. Shannon has been employed by the Debtor since 2002 and is also the company's Chief Scientific Officer and its Director of Medical Affairs.

6. Dr. Shannon's curriculum vitae includes a long list of degrees, prestigious assignments and public service. He has been actively engaged in medical bio-oxidative ($O_3$) research (the basis of the Debtor's technology) since 1987 and was directly responsible for the first human clinical trial to have ever been approved in North America which examined the efficacy of $O_3$ delivered via minor autohemotherapy in the treatment of AIDS. He was also responsible for several primate studies utilizing $O_3$ involving scientists from various departments within the Canadian Federal Government, as well as senior investigators from the Debtor and Cornell University.

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

7. Our (Jill's and my) investigation of the Debtor's status, through conversations with its vendors, review of its public filings and conversations with its President, revealed that the Debtor was not paying its other debts as they became due, that the Debtor had essentially depleted its cash reserves to minimal amounts, and that the Debtor lacked the funds to keep key employees with the company, to pay required rent for its facilities, and to pay counsel to renew key patents through payment of annual fees. We concluded that absent an immediate bankruptcy filing, the Debtor's remaining assets would be lost, to the detriment of all creditors.

8. In order to commence and prosecute the Chapter 11 Case, we retained experienced bankruptcy counsel, Meyers Law Group, P.C. ("MLG"), as well as local bankruptcy counsel, Fennemore Craig, P.C. ("FC"), and incurred and paid actual and necessary fees and expenses billed by those firms, in a total amount of $32,035.00, Of that amount, $30,672.00 was paid to MLG, and $1,363.00 amount was paid to FC.[2]

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on September 19, 2018 at Kingston, Ontario, Canada.

      /s/ Edwin G. Marshall
      Edwin G. Marshall

---

[2] Concurrently, we have filed a separate motion seeking reimbursement of attorneys' fees and costs incurred in making loans to the Trustee on a postpetition basis, pursuant to the underlying loan agreement between the Trustee and the Marshalls. None of the fees or costs identified in either motion duplicate any fees or costs sought in the other motion.

-3-
DECLARATION OF EDWIN G. MARSHALL IN SUPPORT OF PETITIONERS' MOTION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM FOR REIMBURSEMENT
31534 20140