MEYERS LAW GROUP, P.C.
MERLE C. MEYERS, ESQ., CA Bar. No. 66849
44 Montgomery Street, Suite 1010
San Francisco, CA 94104
Telephone: (415) 362-7500
Facsimile: (415) 362-7515
Email: mmeyers@meyerslawgroup.com

FENNEMORE CRAIG, P.C.
COURTNEY MILLER O'MARA, ESQ., NV Bar No. 10683
300 S. Fourth St., Ste. 1400
Las Vegas, NV 89101
Telephone: (702) 692-8000
Facsimile: (702) 692-8099
Email: comara@fclaw.com

Attorneys for EDWIN G. MARSHALL and
DR. JILL C. MARSHALL, Postpetition Lenders

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. 18-12662-leb |
| MEDIZONE INTERNATIONAL, INC., | Chapter 7 |
| Debtor. | Date: October 23, 2018<br>Time: 9:30 a.m.<br>Place: U.S. Bankruptcy Court<br>300 Las Vegas Blvd. So.<br>Ctrm. 3<br>Las Vegas, NV<br>Judge: Hon. Laurel E. Babero |

**DECLARATION OF MERLE C. MEYERS IN SUPPORT OF POSTPETITION LENDER'S MOTION FOR REIMBURSEMENT OF FEES AND EXPENSES INCURRED UNDER LOAN AGREEMENT WITH TRUSTEE**

I, MERLE C. MEYERS, declare:

1. I am a duly-admitted attorney licensed to practice law in all the courts in the State of California, and the principal of Meyers Law Group, P.C., counsel for creditors EDWIN G. MARSHALL and DR. JILL C. MARSHALL (the "Marshalls") and in such capacity, I am personally familiar with each of the facts stated herein, to which I could competently testify if called upon to do so in a court of law.

2. I make this declaration in support of the *Postpetition Lender's Motion for Reimbursement of Fees and Expenses Incurred under Loan Agreement with Trustee* (the "Motion"), filed in the chapter 7 case of Medizone International, Inc., the debtor herein (the "Debtor").[1]

3. Based on the Debtor's defaults to the Marshalls and others, the Marshalls, along with three other creditors, filed an involuntary chapter 11 petition (as amended, the "Chapter 11 Petition") initiating a chapter 11 case in April 2018. On May 8, 2018, the Debtor filed a voluntary chapter 7 petition (the "Chapter 7 Petition") in this Court, commencing this case no. 18-12662. The Trustee was appointed as trustee of the Debtor's chapter 7 estate and continues to serve in that capacity.

4. Given the filing of the Chapter 7 Petition, the Marshalls, the other petitioning creditors, and the Trustee, entered into a stipulation for the dismissal of the chapter 11 case, and that case was dismissed accordingly by the Court on July 16, 2018. Separately, the Marshalls have filed a motion seeking approval of an administrative claim for reimbursement of their expenses incurred in connection with the Chapter 11 Case, pursuant to 11 U.S.C. § 503(b)(3)(A).

5. During the pendency of the involuntary chapter 11 petition, the Marshalls had offered to the current management of the Debtor that the Marshalls would provide postpetition financing in order to sustain the Debtor's operations while a sale or reorganization was attempted. The Debtor's management refused the Marshalls' efforts and offer without explanation, and instead filed the Debtor's chapter 7 petition.

6. Therefore, upon the appointment of the Trustee, the Marshalls approached the Trustee and made the same offer, to finance the Debtor's operations for a short term, under 11 U.S.C. § 721, while the Trustee attempted to sell the Debtor's assets or the Marshalls attempted a reorganization (through a converted case). The Trustee agreed to the Marshalls' proposed postpetition financing, and to operate the Debtor's business for a short term under Section 721, subject to Court approval.

7. The Trustee and the Marshalls entered into the Loan Agreement, along with supporting documents, as of May 17, 2018, subject to Court approval. Among other terms, the Loan Agreement provided for:

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

    A.    Advances by the Marshalls of up to $200,000 in the aggregate, in accordance with an agreed-upon budget, as modified by mutual consent (the "Loan");

    B.    Interest accruing on the Loan at the rate of 10% per annum;

    C.    A lien on all of the estate's assets, other than avoidance claims, to secure repayment of the Loan; and

    D.    Repayment of the Loan no later than upon sale of estate assets or September 30, 2018, whichever occurred first.

8. The Loan Agreement also provided for the estate's reimbursement of all fees and expenses, including legal fees and costs, incurred by the Marshalls in connection with the Loan Agreement, the Loan and the Trustee's Section 721 motion to operate the Debtor's business. In particular, Section 5(a) of the Loan Agreement provided as follows:

> All reasonable attorneys' fees and costs incurred by Lenders in documenting, negotiating, monitoring and enforcing this Agreement (including without limitation (i) obtaining Bankruptcy Court approval of the Loan and of the Section 721 Motion, and (ii) requesting Bankruptcy Court approval of such fees and costs) shall be deemed Advances due on the Due Date, *provided* that such fees and costs shall be paid by Borrower within fifteen (15) days following entry of an order of the Bankruptcy Court approving such fees and expenses pursuant to Section 506(b) of the Bankruptcy Code. Interest shall continue to accrue on account of fees, to the extent approved by the Bankruptcy Court, from the Due Date until paid.

9. On May 22, 2018, the Trustee filed his *Emergency Motion for Interim Order Authorizing Trustee to Obtain Post-Petition Financing (11 U.S.C. § 364)* (the "Section 364 Motion," docket no. 24) and his *Emergency Motion for Order Authorizing Trustee to Operate Debtor's Business (11 U.S.C. § 721)* (the "Section 721 Motion," docket no. 26).

10. On May 31, 2018, the Court entered an order granting the Section 721 Motion (docket no. 36), and on June 1, 2018, its order granting the Section 364 Motion on an interim basis (docket no. 40). On June 15, 2018, the Court entered an order granting the Section 364 Motion on a final basis (docket no. 53).

11. Concurrently with negotiating the Loan Agreement, the Trustee and the Marshalls entered into a *Purchase And Sale Agreement* (the "PSA") dated May 17, 2018, under which the

-3-
DECLARATION OF MERLE C. MEYERS IN SUPPORT OF POSTPETITION LENDER'S MOTION FOR REIMBURSEMENT OF FEES AND EXPENSES INCURRED UNDER LOAN AGREEMENT WITH TRUSTEE
31524 20140

Marshalls (or their nominee) agreed to purchase the assets of the estate (other than avoidance claims) for the purchase price of $500,000, subject to Court approval and overbids.

12. On June 29, 2018 (docket no. 60), the Trustee filed a motion seeking approval of the PSA and the sale process, including an overbid auction, as set forth in the PSA. That motion was granted by the Court pursuant to its order dated July 26, 2018 (docket no. 81), and an auction was scheduled for August 7, 2018.

13. No party qualified itself as an overbidder, and no party appeared at the scheduled auction. Accordingly, on August 10, 2018, the Court entered an order approving the Trustee's sale of all of the estate's assets to the Marshalls under the terms of the PSA (docket no. 85), for the purchase price of $500,000.

14. The PSA sale was completed on August 31, 2018, with the Marshalls' full payment of the purchase price, less the amount necessary to repay the Loan, including interest, other charges and estimated fees and expenses, pursuant to Section 3.2 of the PSA, which provided that the purchase price was to be paid by the Marshalls to the Trustee "at Closing in cash or immediately available funds, less the full amount of all principal, interest, fees and other charges owing as of the Closing under the Loan, which shall be deducted from the Purchase Price."

15. The payoff amount due from the estate to the Marshalls in satisfaction of the Loan was $151,840.09 (the "Payoff Amount") as of August 31, 2018. Based on the Payoff Amount, the Marshalls were obligated to pay to the Trustee the amount of $348,159.91, less reimbursable fees and costs.

16. In order to account for fees and expenses owing to the Marshalls under the Loan Agreement, the parties agreed that of the $348,159.91 due from the Marshalls, $50,000.00, as a rough estimate of reimbursements owing, would be deposited into the trust account of the Marshalls' counsel, MLG, pending resolution of this Motion. That deposit was made, and those funds of $50,000.00 (the "Deposit") are presently held in the MLG trust account, pending determination of the reimbursable amount. The parties have agreed that to the extent that the allowed reimbursements differ from the estimated amount, the parties will reconcile the Deposit, either by payment to the

-4-
DECLARATION OF MERLE C. MEYERS IN SUPPORT OF POSTPETITION LENDER'S MOTION FOR REIMBURSEMENT OF FEES AND EXPENSES INCURRED UNDER LOAN AGREEMENT WITH TRUSTEE
31524 20140

Marshalls (if allowed reimbursements exceed the estimated amount) or to the Trustee (if the estimated amount exceeds the allowed reimbursements). The Deposit, or its remaining balance, will then be paid over to the Marshalls or their assignee.

17. Consistent with the terms of the Loan Agreement, the Requested Reimbursement includes MLG's fees for services that MLG provided in connection with the Loan, the Section 364 Motion and the Section 721 Motion. In particular, MLG represented the Marshalls in providing the following services, among others:

A. Negotiating the terms of the Loan and the attached budget with the Trustee and his counsel;

B. Conferring with the Trustee with regard to limited operation of the Debtor's business under Section 721 of the Bankruptcy Code;

C. Drafting and negotiating the terms and language of the Loan Agreement, together with an accompanying promissory note and security agreement;

D. Reviewing and conferring with clients and counsel regarding the extent and efficacy of collateral, including patents and patent applications;

E. Reviewing, and proposing modifications of, the Section 364 Motion and the Section 721 Motion;

F. Appearing at the initial and final hearings of the Section 364 Motion and the Section 721 Motion;

G. Reviewing, and proposing modifications of, the forms of order approving the two motions;

H. Conferring and resolving issues arising from time to time regarding funding issues, including issues as to insurance, salaries, special counsel retentions and retainers, and recovery of equipment from North Carolina;

I. Conferring with two law firms proposed to act as special counsel to the Trustee, in order to determine the extent of services and amount of retainers to be advanced; and

-5-
DECLARATION OF MERLE C. MEYERS IN SUPPORT OF POSTPETITION LENDER'S MOTION FOR REIMBURSEMENT OF FEES AND EXPENSES INCURRED UNDER LOAN AGREEMENT WITH TRUSTEE
31524 20140

J. Calculating payoff amounts owing under the Loan Agreement.

18. The Marshalls seek reimbursement of MLG's fees for such services in the amount of $39,225.00,[2] based on MLG's time records, true and correct copies of which are attached hereto as **Exhibit "A."**

19. In addition, consistent with the terms of the Loan Agreement, the Requested Reimbursement includes $3,475.00 in MLG's fees for services that MLG provided in preparing this Motion, based on MLG's time records, true and correct copies of which are attached hereto as **Exhibit "B,"** and its estimated fees in the amount of $3,250.00, for preparing for and attending the hearing of this Motion.

20. Also consistent with the terms of the Loan Agreement, the Requested Reimbursement includes MLG's costs incurred in connection with the Loan, the Section 364 Motion and the Section 721 Motion. Those costs are in the total amount of $2,487.06; $1,767.06, of which, were actually and necessarily incurred by MLG in such matters, and are listed below categorically at actual cost, and $720.00 of which are for estimated costs in traveling to, and attending, the hearing of this Motion, based on actual experience with respect to prior hearings. The costs consist, by category, as follows:

| EXPENSE | AMOUNT |
|---|---:|
| Filing Fee | $250.00 |
| Air Fare | $878.80 |
| Hotel | $169.81 |
| Meals | $47.10 |
| Mileage | $60.00 |
| Parking Lot Fees | $108.00 |
| Toll Charges | $12.00 |
| Taxi | $41.21 |
| Other Transportation | $200.14 |
| **Subtotal Costs** | **$1,767.06** |
| **Estimated Costs for Hearing** | **$720.00** |
| **Total Costs** | **$2,487.06** |

---

[2] This amount reflects a $5,000 voluntary reduction of fees by MLG.

-6-
DECLARATION OF MERLE C. MEYERS IN SUPPORT OF POSTPETITION LENDER'S MOTION FOR REIMBURSEMENT OF FEES AND EXPENSES INCURRED UNDER LOAN AGREEMENT WITH TRUSTEE
31524 20140

LAW OFFICES
**MEYERS LAW GROUP, P.C.**
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

21. MLG is a very experienced commercial insolvency law firm located in San Francisco, California, well-suited to representation of the Marshalls in their role as postpetition secured lenders in this case.

22. MLG's hourly rates are equal to or lower than the rates of comparable counsel in the San Francisco Bay Area, where the Marshalls reside, and are regularly approved by Bankruptcy Courts in the Northern District of California in cases in which MLG acts as estate professionals, either as counsel for the debtor or counsel for a creditors' committee.

23. MLG bills for travel time that is not available for other legal services, such as travel to an airport, waiting for baggage, flight delays, etc., but does not bill for travel time when other services, for other clients, can be performed, such as seated on an airplane in flight. This results in billings that are often less than 50% of normal hourly rates of the full time in travel. Thus, for example, for my travel time to and from Las Vegas on May 30, 2018, MLG charged 2.7 hours at my full rate. That amount of time did not include the time of the actual flights, which was roughly 3.2 hours roundtrip (scheduled 8:45 a.m. to 10:21 a.m., 4:41 p.m. to 6:17 p.m.), and was thus less than 50% of the hourly rate for all travel time.[3]

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on September 18, 2018 at San Francisco, California.

        /s/ Merle C. Meyers
        Merle C. Meyers

---

[3] In other matters, in which air flight time is greater, the effective percentage of hourly rates is even lower.

-7-
DECLARATION OF MERLE C. MEYERS IN SUPPORT OF POSTPETITION LENDER'S MOTION FOR REIMBURSEMENT OF FEES AND EXPENSES INCURRED UNDER LOAN AGREEMENT WITH TRUSTEE
31524 20140

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104