LENARD E. SCHWARTZER
2850 S. Jones Blvd., Ste 1
Las Vegas, NV 89146
(702) 307-2022

TRUSTEE

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In re ) Case No. BK-S 18-12662-LEB
)
MEDIZONE INTERNATIONAL, INC. ) IN PROCEEDINGS UNDER CHAPTER 7
)
) TRUSTEE'S REPORT OF SALE
)
)
Debtor ) (No Hearing Required)
)

    The Trustee, LENARD E. SCHWARTZER, reports he has received $500,000.00 from EDWIN G. MARSHALL and JILL C. MARSHALL, N.M.D., for the sale of the Debtor's intellectual property, real property, fixtures, tangible and intangible personal property, inventory, goodwill, and other assets of the business which are more specifically set forth in Article 1 of the Purchase and Sale Agreement approved by an order of this Court entered August 10, 2018 [Doc 85]. A copy of Article 1 is attached hereto, marked Exhibit "1" and incorporated herein by reference.

    A breakdown of the funds received and fees incurred pursuant to the loan agreement (Doc 53) is attached hereto, marked Exhibit "2" and incorporated herein by reference.

Dated: September 21, 2018

                                              LENARD E. SCHWARTZER
                                              Trustee

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "1"

# EXHIBIT "1"

1. ARTICLE 1. PURCHASE AND SALE OF ASSETS

    1.1  Seller agrees to sell to Buyer, and Buyer agrees to purchase from Seller, at Closing (as defined below), all of Seller's right, title, and interest in and to all of the assets used by Debtor in connection with the operation of the Business (the "Assets"), including, without limitation, the following:

    (a) All tangible personal property, furnishings, fixtures, equipment, machinery, parts, accessories, inventory, including without limitation any and all personal property presently located or used in the Laboratory (the "Personal Property");

    (b) All contracts, agreements, equipment leases, warranties, and other rights or agreements, whether written or oral, and all executory contracts (as that term is used in Section 365 of the Bankruptcy Code) to which the Debtor is a party, but only to the extent approved by Buyer in a writing delivered to Seller no later than June 30, 2018 (the "Assumed Contracts");

    (c) All real estate leases to which the Debtor is a party, but only to the extent approved by Buyer in a writing delivered to Seller no later than June 30, 2018, together with all of Debtor's interest in any security deposits, prepaid rent, leasehold improvements, and appurtenances to the leased property (the "Real Property Leases");

    (d) All of Seller's or Debtor's right, title, and interest in and to the trade names, logos, copyrights, service marks, trademarks, patents, patent applications, licenses, and goodwill associated with the Business, including without limitation those listed on Schedule 1.1(d) attached hereto (the "Intangible Property"); and

    (e) All of Debtor's books and records, accounting records and other financial or transactional documents, to the extent available to Seller with reasonable effort (the "Records").

    1.2  Seller shall convey title to the Assets to Buyer free and clear of all liens, security interests, and encumbrances of any kind or nature.

    1.3  Seller assumes all risk of loss or damage to the Assets prior to the Closing. In the event there is any material loss or damage to all or any portion of the Assets prior to the Closing, Buyer may either terminate this Agreement pursuant to Article 13, or negotiate with Seller for a proportionate reduction in the Purchase Price to reflect the loss or damage. For the purposes of this provision, the term "material loss or damage" shall mean any loss or damage to the Assets with an aggregate cost of $5,000.00.

Exhibit "1"

EXHIBIT "2"

Pursuant to the sale agreement [ECF No. 85], the Marshalls paid $500,000.00 for the assets [ECF No. 85]
Pursuant to the loan agreement [ECF No. 53], the Marshalls advanced funds before the sale, and these funds were credited to the Marshalls (deducted from the payment) when the sale closed and funded on 8/31/18.  The approved loan agreement [ECF No. 53] also includes a $25,000 loan fee (which accrues interest) and provides that the Marshalls will be reimbursed for their legal fees for the loan (subject to court approval).  Merle Myers (the Marshalls attorney) is holding $50,000 in trust pending approval of this fee application (not filed yet).  Once the fee app is resolved, Merle will either pay the balance to Lenny or Lenny will pay him any shortage.

The deductions are as follows:

| | |
|---|---|
| +$500,000.00 | Purchase price for sale (ECF No. 85) |
| -$123,905.00 | Loan Advances from Marshalls received by Trustee |
| | 05/30/18  $46,620.00 |
| | 06/25/18  $ 7,500.00 |
| | 07/02/18  $26,609.00 |
| | 07/23/18  $20,176.00 |
| | 08/15/18  $ 8,000.00 |
| | 08/16/18  $15,000.00 |
| -$25,000.00 | Loan Fee per loan agreement (ECF No. 53) |
| -$ 2,254.48 | Interest on the $123,905.00 advanced to trustee (ECF No. 53) |
| -$   680.61 | Interest on the Loan Fee (ECF No. 53) |
| -$50,000.00 | Retained in trust by Merle Meyers pending his fee application (ECF No. 53) |
| -$298,159.91 | Total wire payoff from Marshalls to Trustee 8/31 |

Exhibit "2"