Jason A. Imes, Esq., NV Bar No. 7030
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV  89146-5308
Telephone:    (702) 228-7590
Facsimile:     (702) 892-0122
E-Mail:         bkfilings@s-mlaw.com

*Attorneys for Lenard E. Schwartzer, Trustee*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>MEDIZONE INTERNATIONAL, LLC,<br><br>　　　　　　　　　　　　　　　Debtor. | Case No. BK-S-18-12662-LEB<br><br>Chapter 7<br><br>**APPLICATION FOR COMPENSATION FOR WILLIAM M. HOLLAND AS SPECIAL ACCOUNTANT**<br><br>Date:  November 6, 2018<br>Time: 2:30 p.m. |

Name of Applicant:                                    William M. Holland

Authorized to Provide Services to:         Lenard E. Schwartzer, Chapter 7 Trustee

Date of Retention:                                      *Nunc pro tunc* to June 1, 2018 [ECF No. 72]

Period for which Interim Compensation
and Reimbursement is sought:               June 1, 2018 – September 26, 2018

Amount of Fees Incurred:                       $    2,668.75
Amount of Expenses Incurred:               $           4.09
**Total Interim Amount Requested:**      $    2,672.84

This is a(n):_____  interim   _X_   final application.

William M. Holland ("Applicant") applies to this Court for compensation pursuant to 11 U.S.C. §§ 328 and 330, Fed.R.Bankr.P. 2002 and 2106, and the Guidelines of the United States Department of Justice, Office of the United States Trustee (the "Guidelines"). This Application seeks allowance and authorization for immediate payment of Applicant's 15.25 hours of professional services rendered as Special Accountant during Debtor's Chapter 7 bankruptcy case in the amount of $2,668.75, and reimbursement of expenses in the sum of $4.09, for a total request of **$2,672.84**.

I.     NARRATIVE STATEMENT OF SERVICES PERFORMED

   A.     Bankruptcy Case History.

On April 18, 2018, creditors Edwin G. Marshall and Dr. Jill C. Marshall (collectively, the "Marshalls"), and creditors Ushio America, Inc. and Engineering CPR, Inc., filed an involuntary petition under Chapter 11 the Bankruptcy Code against Debtor MEDIZONE INTERNATIONAL, INC. (the "Debtor") in Reno, Nevada, thereby commencing bankruptcy case number 18-50412-GWZ (the "Involuntary Chapter 11 Case"). On May 8, 2018, the Debtor, a publicly traded company, filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code in Las Vegas, Nevada, commencing this instant case, and Trustee Schwartzer was appointed to administer the Chapter 7 estate.

The Trustee was granted authorization to operate the business for approximately 90 days from June 1, 2018 through August 31, 2018 [ECF No. 36], and was authorized to borrow up to $200,000.00 from the Marshalls to fund said operation [ECF No. 40]. The Trustee has finished operating the business and sold the assets for operation of the business to the Marshalls for the total sum of $500,000.00 [ECF No. 85] (subject to offset for funds advanced by the Marshalls pursuant to the loan agreement). The related Involuntary Chapter 11 Case has been dismissed.

   B.     Jurisdiction.

This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of the Debtors' chapter 7 case and this Application is proper under 28 U.S.C. § 1409(a). The statutory predicates for the relief sought herein are sections 328 and 330 of the Bankruptcy Code.

7 case and this Application is proper under 28 U.S.C. § 1409(a). The statutory predicates for the relief sought herein are sections 328 and 330 of the Bankruptcy Code.

C. <u>Benefit to the Estate</u>.

Applicant provided accounting services to the Trustee and the estate as deemed necessary, appropriate, and feasible in order to advise the Trustee in the course of the case including, but not limited to, review of Debtor's financial records, tracing the sources and uses of money by the Debtor prior to the Petition Date and during the Trustee's temporary operation of the business (June 1 through August 31, 2018), and preparing Monthly Operating Reports required during the Trustee's operation of the business.

## II. NOTICE

A. A copy of the Application and the Notice of the Application will be served on the United States Trustee at or about the time the Application is filed. *See* Guidelines § 1.1.

B. A copy of the Notice of the Application filed in connection with the Application identifying Applicant and the amounts requested, will be served on the Debtor and all identified creditors and parties-in-interest. Fed.R.Bankr.P. 2002(a) and (c)(2).

## III. STATUTORY AUTHORITY FOR RELIEF SOUGHT

11 U.S.C. §§ 328 and 330 govern the award of compensation to officers and professionals. 11 U.S.C. § 328 provides:

> **§ 328. Limitation on compensation of professional persons**
>
> (a) The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.
>
> (b) If the court has authorized a trustee to serve as an attorney or accountant for the estate under section 327(d) of this title, the court may allow compensation for the trustee's services as such attorney or

accountant only to the extent that the trustee performed services as attorney or accountant for the estate and not for performance of any of the trustee's duties that are generally performed by a trustee without the assistance of an attorney or accountant for the estate.

(c) Except as provided in section 327(c), 327(e) or 1107(b) of this title, the court may deny allowance of compensation for services and reimbursement of expenses of a professional person employed under section 327 or 1103 of this title if, at any time during such professional person's employment under section 327 or 1103 of this title, such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed.

11 U.S.C. §330 provides:

### §330. Compensation of officers

(a) (1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 228, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, a professional person employed under section 327 or 1103 –

> (A) reasonable compensation for actual, necessary services rendered to the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.

(2) The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.

(3) In determining the amount of reasonable compensation to be awarded to an examiner, trustee under Chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the services was rendered toward the completion of, a case under this title;

>    (D)  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>    (E)  with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>    (F)  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.
>
> (4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for –
>    (i)  unnecessary duplication of services; or
>    (ii) services that were not -
>       (I)  reasonably likely to benefit the debtor's estate; or
>       (II) necessary to the administration of the case.
>          . . . .
> (5)  The court shall reduce the amount of compensation awarded under this section by the amount of any interim compensation awarded under section 331, and, if the amount of such interim compensation exceeds the amount of compensation awarded under this section, may order the return of the excess to the estate.
>
> (6)  Any compensation awarded for the preparation of a fee application shall be based on the level and skill reasonably required to prepare the application.

To the best of Applicant's knowledge, this Application complies with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, any guidelines promulgated by the US Trustee, and the Local Rules of the United States Bankruptcy Court of the District of Nevada.

## IV. DATE, TERMS AND CONDITIONS OF EMPLOYMENT OF APPLICANT

A.  Applicant was retained as Special Accountant to the Trustee (*nunc pro tunc* to June 1, 2018) by an Order of this Court entered on July 20, 2018 [ECF No. 72].

B.  Notwithstanding such terms and conditions, the Court may allow compensation to Applicant on terms and conditions different than as described above, if the original terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of Applicant's employment. 11 U.S.C. §328(a).

This Application seeks allowance and payment of compensation for services rendered as Special Accountant to the Chapter 7 Trustee in the amount of $2,668.75, and reimbursement for costs expended in the amount of $4.09, for a total request of $2672.84, for the period from June 1, 2018 through September 26, 2018.

## VI. SUMMARY OF SERVICES RENDERED, HOURLY RATES AND EXPENSES INCURRED

### A. Billing Methodology

1. The services rendered by Applicant are set forth in **Exhibit "1"** which includes a detailed list of all time for which compensation is sought, including the date the services were rendered, the person performing the services, the nature of the services performed and the time spent on each service. Fed.R.Bankr.P. 2016(a).

2. Applicant believes that every professional employed on behalf of a trustee in a Chapter 7 case has a responsibility to control fees and expenses by providing services in an efficient and effective manner. To this end, Applicant diligently works to coordinate and facilitate the efficient prosecution of the matters for which he is employed. Applicant reviews all billings for reasonableness and makes adjustments so that the charges are consistent with the value of the services provided. Applicant has charged his customary hourly rates for services rendered for which compensation is sought in this Application. Applicant's hourly rates are comparable to, if not lower than, those charged by other professional persons with similar levels of expertise in the Las Vegas, Nevada area.

3. Applicant has not been employed on a contingency basis and Applicant is aware that the fees charged by Applicant are subject to allowance at the discretion of the Court.

### B. Expenses

Applicant is seeking the sum of $4.09 for reimbursement of mileage expenses.

### C. Narrative Statement

For the convenience of the Court, the U. S. Trustee, and all interested parties, the following paragraphs set forth a brief narrative statement, summary and explanation of certain activities and services performed during the time period covered by this Application, from June 1, 2018 through

services performed during the time period covered by this Application, from June 1, 2018 through September 26, 2018. The narrative statement is intended only to highlight the services rendered by Applicant in the separate project billing categories where Applicant has expended a considerable number of hours on behalf of the Trustee, and is not meant to be a detailed description of all of the work performed. In this case, Application performed the following duties:

1. Communicated with the Trustee and Trustee's counsel regarding the Trustee's temporary operation of business.
2. Reviewed the Debtor's bankruptcy schedules and pre-petition accounting records to prepare formatting for Monthly Operating Reports.
3. Reviewed Trustee's accounting records during operation of the business and prepared Monthly Operating Reports for June, July and August 2018.

## VII. PRIOR APPLICATIONS AND ORDERS FOR COMPENSATION

Applicant has made no prior applications for compensation in this case.

## VIII. AVAILABILITY OF FUNDS

The Trustee is currently holding net funds of approximately $298,809.68 in this bankruptcy estate for payment of allowed administrative expenses and allowed creditor claims.

## IX. EXPERTISE REQUIRED

Applicant is skilled in the field of business accounting and operations. He has special knowledge which enables Applicant to perform services, of benefit, to the bankruptcy estate. Applicant has over 13 years of law enforcement experience, 12 years of forensic accounting experience, and 15 years of business operations.

Applicant has worked over 13 years as a bankruptcy investigator for trustees (Richard Davis, Lenard E. Schwartzer, Kathy Leavitt and Stan Pack) and is therefore, particularly skilled, knowledgeable, and experience in the field of bankruptcy cases. Applicant is a member of the Association of Certified Fraud Examiners and the National Association of Bankruptcy Trustees.

///
///
///

## X. PAYMENTS MADE OR PROMISED AND LACK OF AGREEMENT TO SHARE COMPENSATION

A. All services for which compensation is requested were performed for, or on behalf of, the Trustee for the benefit of the estate and creditors.

B. No compensation received by Applicant will be shared and no agreement or understanding exists between Applicant and any other entity for the sharing of compensation to be received for services rendered in connection with this case. Fed.R.Bankr.P. 2016.

## XI. CONCLUSION

Wherefore, Applicant respectfully requests that the Court enter an order granting this Application and allowing and authorizing the immediate payment of Applicant's fees rendered in the amount of $2,668.75, and reimbursement for costs expended in the amount of $4.09, for a total request of **$2,672.84**, for the period from June 1, 2018 through September 26, 2018, as an allowed Chapter 7 administrative expense of this bankruptcy estate, and for such other relief as is just and proper.

DATED: October 3, 2018.

Jason A. Imes, Esq.
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Blvd., Suite 1
Las Vegas NV 89146
*Counsel for Lenard Schwartzer, Trustee*

# EXHIBIT "1"




# William M. Holland, CFE
Bankruptcy Investigator & Receiver
2850 S. Jones Blvd. Suite 1
Las Vegas, Nevada  89146
702  682-1221

Bill To:  Lenard E. Schwartzer, Trustee
2850 S. Jones Blvd. Suite 1
Las Vegas, Nevada  89146

Invoice # **1383**

Invoice Date: 09/25/2018

| Invoice Due Date: 09/25/2018 | Customer # 001 | Terms: Net | Rep: WMH |
|---|---|---|---|

| DESCRIPTION OF WORK | AMOUNT |
|---|---|
| 1. Medizone International, Inc. - BK-S 18-12662 LEB | |
| 2. Accomplish the duties as outlined in the Order signed by Honorable Laurel E. Babero, as detailed in the Application Authorizing Employment as a Special Accountant for Medizone, International, Inc. dated July 30, 2018. | |
| See attached Hourly Log for William M. Holland, CFE | $2,672.84 |

Total Amount Due   $2,672.84

Amount Paid $_____    Check #_____    Date Paid _____

# Medizone International, Inc.
Las Vegas, Nevada

BK-S 18-12662 LBR

Examiner -

Hourly Log for
William M. Holland, CFE

| Date | Activity | Hours | Miles |
|---|---|---|---|
| 2018 | | | |
| June 4 | Meet with Trustee Schwartzer to obtain the basic details of appointment and what my duties will be. | 0.25 | |
| June 11 | Meet with Jason Imes, Schwartzer & McPherson Law Firm, sign declaration and provide him with my fees. Conduct research to determine if any conflicts would occur if appointment is approved. None exists. | 0.25 | |
| June 13 | Received phone call from "Kim", Lindi Canada, vendor for debtor asking if its ok to continue selling to debtor will they operate. | 0.25 | |
| July 23 | Walked with Trustee's attorney, Jason Imes, told appointment was approved. Received basic information in which to proceed with my reports. | 0.25 | |
| July 23 | Meet with Libby Benson, Trustee's case worker, to obtain Form 2 from her to begin with looking at MOR for June 2018. | 0.25 | |
| Aug 4 | Begin working on June, 2018, MOR. Gather and print bankruptcy schedules, and accounting records from the Trustee to begin formatting the MOR. | 0.75 | |
| Aug 12 | Continue working on June, 2018, MOR. Finish the MOR print two copies for the Clerk of the Court to be filed. | 2.25 | |
| Aug 15 | Finish June, 2018, MOR and print copies for the Clerk of the Court to be filed. | 1.75 | |
| Aug 15 | File documents with the US Bankruptcy Clerk. | 0.25 | |
| Sept 17 | Obtain Trustee records for July, 2018, MOR and begin preparing new July, 2018, MOR. | 2.00 | |
| Sept 19 | Finish July, 2018, MOR and print copies for the Clerk of the Court to be filed. | 1.75 | |
| Sept 19 | Respond to the US Bankruptcy Court and file with the Clerk. | 0.75 | 9.25 |
| Sept 21 | Pull records from the Trustee and begin preparing the new August, 2018, MOR. | 1.50 | |

Page 2,

| | | | |
|---|---|---:|---:|
| Sept 25 | Finish August, 2018, MOR, reconcile against Trustee records to make sure all three MOR's balance and include those transactions from September, 2018.  Print copies to be filed with the Clerk of the Court. | 2.75 | |
| Sept 26 | File August, 2018, MOR with the US Bankruptcy Clerk. | 0.25 | |
| | | 15.25 | 9.25 |

Summary  15.25 hrs x $175.00   = $ 2,668.75
         Reimbursements        = $     0.00  (Attached)
         Total amount due      = $ 2,668.75

         Milage 9.25 x .43     = $     4.09
         **Total Amt Due**     = **$ 2,672.84**

_____  9/25/18
William M. Holland         Date