MEYERS LAW GROUP, P.C.
MERLE C. MEYERS, ESQ., CA Bar. No. 66849
44 Montgomery Street, Suite 1010
San Francisco, CA 94104
Telephone: (415) 362-7500
Facsimile: (415) 362-7515
Email: mmeyers@meyerslawgroup.com

COURTNEY MILLER O'MARA, ESQ., NV Bar No. 10683
FENNEMORE CRAIG, P.C.
300 E. 2nd St.
Reno, NV 89501
Telephone: (775) 788-2200
Facsimile: (775) 786-1177
Email: comara@fclaw.com

Attorneys for EDWIN G. MARSHALL and JILL C. MARSHALL, Creditors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>MEDIZONE INTERNATIONAL, INC.,<br><br>Debtor. | Case No. 18-12662-ABL<br><br>Chapter 7<br><br>Date of Examination: March 6, 2019<br>Time of Examination: 11:00 a.m. E.S.T. |

### **EX PARTE MOTION FOR RULE 2004 EXAMINATION OF DAVID A. DODD**

Creditors EDWIN G. MARSHALL and DR. JILL C. MARSHALL (collectively, the "Marshalls") hereby move the above-captioned Court, on an *ex parte* basis (the "Motion"), for entry of an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), ordering DAVID A. DODD ("Mr. Dodd"), an individual, to appear for examination, taken before a certified court reporter and which will continue from day to day, except holidays and weekends, until completed. In support of the Motion, the Marshalls respectfully represent as follows:

### I. BACKGROUND

1. As of May 8, 2018, the date of the commencement of this chapter 7 case (the "Petition Date"), Medizone International, Inc., the debtor herein (the "Debtor"), was a public company with operations in Ontario, Canada. The Debtor developed disinfection solutions for use in hospitals,

-1-
EX PARTE MOTION FOR RULE 2004 EXAMINATION OF DAVID A. DODD
31525 20140

1 2 3 other healthcare facilities and other institutions. In particular, the Debtor developed and patented a disinfection system named AsepticSure®, which utilizes hydrogen peroxide vapor and ozone in a process that achieves dramatic reductions of bacterial and viral pathogens.

4 5     2.    Mr. Dodd was the C.E.O. of the Debtor from September 15, 2017 until the Petition Date.

6 7 8 9 10 11     3.    The Marshalls are the former Chairman/C.E.O. and Director of Operations, respectively, of the Debtor. The Marshalls retired from those positions in February 2017, entering into separation agreements with the Debtor, pursuant to which the Marshalls hold unsecured promissory notes issued by the Debtor in an aggregate amount in excess of $1,500,000. The notes were in substantial default prepetition, for lack of monthly payments owed to the Marshalls in 2017 and 2018.

12 13 14     4.    Based on the Debtor's defaults to the Marshalls and others, the Marshalls, along with three other creditors, filed an involuntary chapter 11 petition (as amended, the "Chapter 11 Petition") initiating a chapter 11 case in April 2018.

15 16 17     5.    On May 8, 2018, the Debtor filed a voluntary chapter 7 petition (the "Chapter 7 Petition") in this Court, commencing this case no. 18-12662. Lenard Schwartzer (the "Trustee") was appointed as trustee of the Debtor's chapter 7 estate and continues to serve in that capacity.

18 19 20     6.    The Marshalls timely filed claims in this chapter 7 case: Claim no. 1 in the amount of $466,812.00 filed by Dr. Jill Marshall, and Claim no. 2 in the amount of $1,118,448.00 filed by Mr. Marshall.

21 22     7.    Mr. Dodd timely filed Claim no. 34 in the amount of $425,587.78 in this chapter 7 case.

23 24 25 26     8.    The Marshalls seek to examine Mr. Dodd in order to investigate the Debtor's prepetition business operations, Mr. Dodd's conduct as the Debtor's chief executive officer, the Debtor's board of directors' decision to commence the Debtor's chapter 7 case herein, as well as related matters, in order to determine the bona fides of Mr. Dodd's proof of claim (and the claims of

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

other former insiders of the Debtor), and to assess whether the Debtor holds any claims against third parties.

9. Therefore, the Marshalls seek to examine Mr. Dodd to obtain full information and documentation of any events, circumstances, actions, communications, documents or agreements related to the aforementioned.

10. The Marshalls have previously requested Mr. Dodd to produce related documents on an informal basis, by letter dated January 11, 2019. A copy of that letter is attached hereto as **Exhibit "A."** However, neither Mr. Dodd nor any other addressees of the letter responded in any manner to the letter by January 22, 2019, the deadline identified in counsel's letter.

11. The Marshalls are informed that Mr. Dodd resides in Okatie, South Carolina. The city of Charleston, South Carolina is within 100 miles of the city of Okatie.

## II. CONCLUSION

WHEREFORE, the Marshalls pray for entry of an order, pursuant to Rule 2004 of the Bankruptcy Rules, directing DAVID A. DODD to appear for examination on **March 6, 2019** at **11:00 a.m. E.S.T.**, at a location designated by the Marshalls in Charleston, South Carolina, or at such other place, date and/or time as may be mutually agreed upon by the Marshalls and Mr. Dodd.

DATED: January 23, 2019

MEYERS LAW GROUP, P.C.

By   /s/ Merle C. Meyers
    Merle C. Meyers, Esq.
    Attorneys for Edwin G. Marshall and
    Jill C. Marshall, Creditors

LAW OFFICES
**MEYERS LAW GROUP, P.C.**
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104