# EXHIBIT "A"

Case 18-12662-abl    Doc 125-1    Entered 01/23/19 15:54:22    Page 1 of 4

# Meyers Law Group

44 Montgomery Street, Suite 1010, San Francisco, California 94104 Tel (415) 362-7500 Fax (415) 362-7515

mmeyers@meyerslawgroup.com

January 11, 2019

**BY ELECTRONIC MAIL AND FEDERAL EXPRESS**

Matthew C. Zirzow
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
mzirzow@lzklegal.com

David A. Dodd
4464 Spring Island
Okatie, South Carolina 29909
dodddav@gmail.com

David A. Esposito
6842 Shallowford Wy.
Portage, Michigan 49024
david@harvesttimepartners.com

Philip A. Theodore
160 Rumson Road
Atlanta, Georgia 30305
ptheodore@comcast.net

Re: Medizone International, Inc., Debtor; Case No. 18-12662

Gentlemen:

    Our firm is counsel for Edwin G. Marshall and Jill C. Marshall (the "Marshalls"), creditors of the estate in the above-referenced chapter 7 bankruptcy case of Medizone International, Inc., debtor (the "Debtor"), pending in the United States Bankruptcy Court for the District of Nevada, Las Vegas Division. As such, we have been asked to investigate prepetition actions, conduct and claims of the Debtor's officers, directors and other insiders. To that end, we wish to review all written communications between or among any of you that involve any affairs of the Debtor.

    Accordingly, we ask that you provide us with all written communications, notes, letters, emails, texts or other writings, whether digital or physical, in your possession or control that involve, relate to or make reference to, directly or indirectly, the Debtor, its affairs, its assets, its creditors, its obligations, its filing of a voluntary chapter 7 petition and its opposition to the preceding involuntary chapter 11 petition, or its relationships with any third parties, either generated or received by any of you at any time on or after January 1, 2017. Without limiting the generality of the foregoing, please provide to us all communications between or among you during the referenced time period. In relation to this request, please note: (a) as evidenced by the letter dated January 11, 2019 enclosed herewith, from Lenard Schwartzer, as trustee (the "Trustee") of the Debtor's estate, the Debtor's right to withhold any documents based on the

Messrs. Zirzow, Esposito, Dodd and Theodore
January 11, 2019
Page 2

attorney-client privilege or attorney work-product rule has been waived by the Debtor's trustee, and therefore no documents otherwise within the scope of that privilege or rule may be withheld; and (b) you need not provide us with copies of any documents already furnished by Mr. Zirzow to the Debtor's trustee in boxes.

    We ask that you provide us with the requested documents by January 22, 2019, or that by that time you make mutually acceptable arrangements with us for providing the documents. We welcome you to provide the documents digitally, by CD or thumb-drive, or in physical form, according to your convenience. If the latter, we will be happy to pay for shipment by an overnight courier. In the interim, please feel free to contact me if you have any questions or concerns, or to make arrangements for delivery of the documents.

    Sincerely,

    MEYERS LAW GROUP, P.C.

    By *Merle C. Meyers by CCB*

    Merle C. Meyers, Esq.

MCM:mcm
20140
Enclosure

cc with encl., by email: Jason A. Imes, Esq.

31527.DOC

# LENARD E. SCHWARTZER

UNITED STATES BANKRUPTCY COURT PANEL TRUSTEE

2850 SO. JONES BLVD. STE., 1
LAS VEGAS, NV 89146
TELEPHONE (702) 307-2022
FAX (702) 974-0976

January 11, 2019

**Delivered via e-mail and USPS first-class mail**

Merle C. Meyers, Esq.
MEYERS LAW GROUP, P.C.
44 Montgomery St., Ste 1010
San Francisco, CA 94104

Re:   In re Medizone International, Inc. (Bankruptcy Case No. BK-S-18-12662)
      *Waiver of Attorney-Client Privilege*

Mr. Meyers:

Medizone International, Inc. filed a voluntary petition under Chapter 7 of the Bankruptcy Code on May 8, 2018, and I am duly appointed and acting trustee of the bankruptcy estate.

As confirmed by the United States Supreme Court in *Commodity Futures Trading Commission v. Weintraub*, 471 U.S. 343, 105 S.Ct. 1986, 85 L.Ed. 372 (1985), the trustee of a corporation in bankruptcy has the power to waive the corporation's attorney-client privilege with respect to pre-bankruptcy communications.

This letter will confirm that I, as the Trustee, waive the attorney-client privilege of confidentiality or attorney-client work product doctrine, to the extent allowed by law, for any pre-bankruptcy communications between Medizone International, Inc., its officers, directors, employees or other agents or representatives, and its counsel, as well as any work product of Medizone International, Inc.'s counsel.

You may provide a copy of this letter to any person in order to evidence such waiver.

Very truly yours,

Lenard E. Schwartzer

LES:les
cc: Jason A. Imes, Esq.