Jason A. Imes, Esq., NV Bar No. 7030
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail:bkfilings@s-mlaw.com
*Attorneys for Lenard E. Schwartzer, Trustee*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>MEDIZONE INTERNATIONAL, INC.,<br><br>Debtor. | Case No. BK-S-18-12662-ABL<br><br>Chapter 7<br><br>**TRUSTEE'S REPLY TO OBJECTION TO APPLICATION TO EMPLOY MEYERS LAW GROUP, P.C., AS SPECIAL LITIGATION COUNSEL PURSUANT TO 11 U.S.C. §327(e)**<br><br>Hearing Date: April 18, 2019<br>Hearing Time: 11:00 a.m. |

LENARD E. SCHWAERTZER, Chapter 7 Trustee (the "Trustee") for the above-captioned bankruptcy case, by and through his counsel, Schwartzer & McPherson Law Firm, replies to the portions of the *Objection to Application to Employ Meyers Law Group, P.C., as Special Litigation Counsel Pursuant to 11 U.S.C. §327(e) and (B) Motion for Approval of Amended Settlement Agreement* (the "Objection") [ECF No. 160] filed by David Dodd, David Esposito and Philip Theodore (the "Objectors") that relate to the Trustee's pending employment application [ECF No. 154] for the Meyers Law Group, P.C., as follows:

The Objectors are contesting the Trustee's *Application to Employ Meyers Law Group, P.C., as Special Litigation Counsel Pursuant to 11 U.S.C. §327(e)* (the "Employment Application") [ECF No. 154] because they assert the Meyers Law Group, P.C. ("Meyers") is "conflicted from representing the Chapter 7 Trustee because he also represents the Marshalls."

The Objectors provided an affidavit supporting their version of the history between the parties, but they have not cited any case law, rule or statute supporting their objection to

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

employment of Meyers. Due to Meyers' extensive knowledge of the history in case, and his experience successfully pursuing similar claims in other bankruptcy cases, it is understandable the Objectors would hope to preemptively disqualify Meyers.

**A. Trustee will not Employ Meyers for Claims Against Marshalls**

The Trustee and Meyers agree that Meyers will not represent the Trustee pursuing any claims against the Marshalls, and that any claims the Trustee may bring against the Marshalls will be prosecuted by separate special counsel or the Trustee's general counsel. Meyers is aware that no litigation may be commenced against the Objectors or any other party in the name of the Trustee without the Trustee's prior authorization, and that all litigation action will be monitored by the Trustee to ensure Meyers' actions do not conflict with the interests of the bankruptcy estate.

To avoid any concerns or ambiguity, the Order approving the Employment Application, if granted, will include an express limitation that Meyers is excluded from representing the Trustee in any claims against the Marshalls. A copy of a Revised Proposed Order is attached to this Reply as **Exhibit "3."**

**B. Purported Claims against Marshalls are not Defense to Trustee's Claims**

The Objectors suggest they intend to defend themselves against any claims brought by the Trustee by alleging "gross misconduct" by the Marshalls, but this suggestion is not a sufficient basis to disqualify Meyers from employment as special litigation counsel to the Trustee.

First, any purported claims against the Marshalls for malfeasance as officers of the Debtor, as the Objectors suggest, would belong to the Debtor's estate, not to the Objectors. The Trustee has not decided to pursue any such claims against the Marshalls to date, and the Objectors did not identify any such claims in the Debtor's schedules that they prepared and filed [ECF No. 1].

Even if the Trustee were to determine that such claims against the Marshalls exist and were cost-effective to pursue, such claims against the Marshalls could not be asserted by the Objectors as a defense against claims from the Trustee, and therefore their allegation of Meyers' conflict based on their professed intention to assert those claims in their defense is legally unfounded.

///

///

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

Second, even if the Objectors had standing to prosecute the Debtor's estate's supposed claims against the Marshalls, they could not do so in any lawsuit brought by the Trustee against the Objectors. Any lawsuit brought by the Trustee would be based on the Objectors' breach of fiduciary duty, malfeasance or similar tortious conduct by the Objectors in their capacities as officers and directors of the debtor. If the Objectors are proven to have breached their fiduciary duty to the debtor, it would obviously not be a defense to allege that someone else, whether the Marshalls or others, had also breached such a duty in an unrelated way. The Objectors would not be able to escape or offset liability for their breaches simply by arguing, or even proving, that someone else breached their duty as well. Thus, the Objectors would have no basis for bringing a claim against the Marshalls in defense of a lawsuit brought by the Trustee against the Objectors. For this reason as well, the Objectors' allegation of conflict, based on a claim against the Marshalls that could not be inserted into the Trustee's lawsuit against the Objectors in any event, is without merit.

**C. Interests of the Trustee and the Marshalls are Aligned**

The Objectors are not contending that Meyers holds any interest adverse to the estate. The Objectors instead argue that Meyers *represents* an interest adverse to the estate, namely creditors Ed and Jill Marshall. The Marshalls' interests are not adverse to the bankruptcy estate with respect to the matter for which Meyers will be employed as special counsel. The Trustee's interest in pursuing the Subject Claims against the Objectors and/or other parties is clearly aligned with the interests of the Marshalls and Meyers since a recovery will benefit the bankruptcy estate without any additional expense to the estate. If the Trustee determines it is appropriate to pursue claims against the Marshalls, then separate counsel (or the Trustee's general counsel) will be tasked with such work.

11 U.S.C. §327(c) specifically states that a professional is not disqualified for employment "solely because of such person's employment by or representation of a creditor" unless there is (1) an objection by another creditor or the United States Trustee, and (2) if there is an **actual** conflict of interest. 11 U.S.C. §327(c)(emphasis added).

///

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

"In other words, if it is plausible that the representation of another interest may cause the [trustee]'s attorneys to act differently than they would without that other representation, then they have a conflict and an interest adverse to the estate." In re Arochem, 181 B.R. 693, 700 (Bankr.D. Conn. 1995). As the Ninth Circuit noted in Stoumbos v. Kilimnik, 988 F.2d 949, (9th Cir. 1993):

> Section 327(c) allows the appointment of counsel to represent the trustee, even where counsel represents a creditor, where the court finds no "actual conflict of interest." Reasoning by analogy to section 327(e), several courts have held that, **where the trustee seeks to appoint counsel only as "special counsel" for a specific matter, there need only be no conflict between the trustee and counsel's creditor client with respect to the specific matter itself**. Fondiller v. Robertson (In re Fondiller), 15 B.R. 890, 892 (Bankr. 9th Cir.1981), appeal dismissed, 707 F.2d 441 (9th Cir.1983); *see also* Altenberg v. Schiffer (In re Sally Shops, Inc.), 50 B.R. 264, 266 (Bankr.E.D.Pa.1985) (following Fondiller). Here, with respect to the Kilimnik preference action, the interests of Cabot and the trustee coincide: if money is recovered for the estate, Cabot's pro rata recovery will ultimately be greater.

Stoumbos v. Kilimnik, 988 F.2d 949, 964 (9th Cir. 1993)

Meyers' representation of the Marshalls will not cause Meyers to act differently as special counsel than if Meyers did not also represent the Marshalls. Meyers will be retained by the Trustee to investigate and pursue the Subject Claims. If Meyers recovers assets as special counsel and enlarges the estate, the Marshalls will ultimately receive a greater distribution in the case. Meyers does not represent an interest adverse to the estate because both the Marshalls and the bankruptcy estate share the same goals with respect to the matters for which Meyers will be retained. *See* Stoumbos v Kilimnik, 988 F.2d 949, 964 (9th Cir. 1993)(finding no conflict existed when trustee sought to employ an attorney who also represented a creditor because the interests of the bankruptcy estate and the creditor client were aligned).

**D. Objectors Have Only Suggested Potential Conflict, Not Actual Conflict**

11 U.S.C. §327(c) only prohibits employment in the face of an actual conflict. If potential litigation targets could block employment of a trustee's proposed special counsel simply by suggesting potential conflicts, they could effective block any attempts by a trustee to employ

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

special counsel. The Trustee and Meyers have disclosed the payment arrangement and "connections" between the Trustee, the Marshalls and Meyers for purposes of this analysis.

To the extent a potential claim against the Marshalls becomes an actual viable claim, and creates an actual conflict for Meyers, then 11 U.S.C. §328(c) provides a mechanism for interested parties to object to the payment of any fees to Meyers and for this Court to deny payment. *See* Neben & Starrett, Inc. v. Chartwell Fin. Corp. (In re Park–Helena Corp.), 63 F.3d 877, 880 (9th Cir.1995). On this issue, 11 U.S.C. §328(c) states in pertinent part:

> Except as provided in section 327(c), 327(e), or 1107(b) of this title, **the court may deny allowance of compensation** for services and reimbursement of expenses of a professional person employed under section 327 or 1103 of this title **if, at any time during such professional person's employment under section 327 or 1103 of this title, such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate** with respect to the matter on which such professional person is employed.

A potential conflict does not constitute a basis to deny employment of creditors' counsel as special litigation counsel. The pertinent circumstances and "connections" have been fully disclosed and there is no actual conflict. In the event a situation arises that places Meyers in actual conflict, then the situation will be reevaluated, and the Court may deny payment of fees from estate property pursuant to §328(c).

## CONCLUSION

For these reasons, and as set forth in the Employment Application, the Trustee requests authorization to engage the MEYERS LAW GROUP, P.C., as special litigation counsel to the Trustee *nunc pro tunc* to January 29, 2019, on a contingency fee basis for the purpose of investigating and, if deemed appropriate, prosecuting the Subject Claims pursuant to the terms set forth with more particularity in the Contingency Fee Agreement attached to the Employment Application as **Exhibit "1."**

/ / /

/ / /

/ / /

A revised proposed form of Order is attached to this Reply as **Exhibit "3."**

DATED: April 12, 2019.

/s/ Jason A. Imes
Jason A. Imes, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146
*Attorneys for Lenard E. Schwartzer, Trustee*

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

# EXHIBIT 3

Jason A. Imes, Esq., NV Bar No. 7030
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail:bkfilings@s-mlaw.com
*Attorneys for Lenard E. Schwartzer, Trustee*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>MEDIZONE INTERNATIONAL, INC.,<br><br>Debtor. | Case No. BK-S-18-12662-ABL<br><br>Chapter 7<br><br>**[ REVISED PROPOSED ] ORDER GRANTING APPLICATION TO EMPLOY MEYERS LAW GROUP, P.C., AS SPECIAL LITIGATION COUNSEL PURSUANT TO 11 U.S.C. §327(e)**<br><br>Hearing Date: April 18, 2019<br>Hearing Time: 11:00 a.m. |

The Trustee's *Application to Employ Meyers Law Group, P.C., as Special Litigation Counsel Pursuant to 11 U.S.C. §327(e)* (the "Application") [ECF No. ___] having come before this Court on the 18th day of April, 2019; Lenard E. Schwartzer, Chapter 7 Trustee (the "Trustee") appearing by and through his counsel, Jason A. Imes., Esq., of the Schwartzer & McPherson Law Firm; other counsel appearing as noted on the record; the Court having reviewed the Application, there being no opposition filed, and the Court being satisfied that proposed special litigation counsel, MEYERS LAW GROUP, P.C., represents no interest adverse to the Trustee or the estate

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

of the debtor in this matter, that its employment is necessary and would be in the best interests of the estate; the Court having made its findings of fact and conclusions of law upon the record which are incorporated herein pursuant to Federal Rules of Bankruptcy Procedure 9014(c) and 7052, and for good cause appearing,

**IT IS HEREBY ORDERED** that the Trustee's Application is GRANTED; and

**IT IS FURTHER ORDERED** that the Trustee is authorized to employ the MEYERS LAW GROUP, P.C., as special litigation counsel to the Trustee *nunc pro tunc* to January 29, 2019, pursuant to 11 U.S.C. §§ 327(e) and 328(a) on a contingency fee basis for the purpose of investigating and, if deemed appropriate, prosecuting the Subject Claims as described in the Application [ECF No. _____ ] pursuant to the terms set forth with more particularity in the Contingency Fee Agreement attached to this Order as **Exhibit "1;"**

**IT IS FURTHER ORDERED** that the MEYERS LAW GROUP, P.C., shall not represent the Trustee in any action against Edwin G. Marshall, Jill C. Marshall or AsepticSure Scientific, LLC.

**IT IS SO ORDERED.**

Submitted by:

______________________

Jason A. Imes, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV 89146
*Attorneys for Trustee*

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

**LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court waived the requirement of approval under LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objection to the form or content of the order.

____________________________________
Jason A. Imes, Esq.
SCHWARTZER & MCPHERSON LAW FIRM

###