Jason A. Imes, Esq., NV Bar No. 7030
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV  89146-5308
Telephone:     (702) 228-7590
Facsimile:     (702) 892-0122
E-Mail:          bkfilings@s-mlaw.com
*Attorneys for Lenard E. Schwartzer, Trustee*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>MEDIZONE INTERNATIONAL, INC.,<br><br>Debtor. | Case No. BK-S-18-12662-ABL<br><br>Chapter 7<br><br>**TRUSTEE'S REPLY TO OBJECTION TO MOTION FOR APPROVAL OF AMENDED SETTLEMENT AGREEMENT (FRBP 9019)**<br><br>Hearing Date:  April 18, 2019<br>Hearing Time:  11:00 a.m. |

LENARD E. SCHWAERTZER, Chapter 7 Trustee (the "Trustee") for the above-captioned bankruptcy case, by and through his counsel, Schwartzer & McPherson Law Firm, replies to the portions of the *Objection to Application to Employ Meyers Law Group, P.C., as Special Litigation Counsel Pursuant to 11 U.S.C. §327(e) and (B) Motion for Approval of Amended Settlement Agreement* (the "Objection") [ECF No. 160] filed by David Dodd, David Esposito and Philip Theodore (the "Objectors") that relate to the Trustee's pending motion for approval of the Amended Settlement Agreement [ECF No. 151] as follows:

**A.    Allegation of Conflict for Employment of Meyers**

The Objectors are contesting the Trustee's *Motion for Approval of Amended Settlement Agreement* (the "Settlement Motion") [ECF No. 151] in part because they assert the Meyers Law Group, P.C. ("Meyers") is "conflicted from representing the Chapter 7 Trustee because he also represents the Marshalls" and therefore the Amended Settlement Aagreement cannot be approved.

1    This issue is addressed specifically in the *Trustee's Reply to Objection to Application to Employ Meyers Law Group, P.C., as Special Litigation Counsel Pursuant to 11 U.S.C. §327(e) and (B) Motion for Approval of Amended Settlement Agreement* (the "Employment Reply") filed concurrently with this reply brief.   No claims against the Marshalls were indicated in the Debtor's petition and schedules (prepared by the Objectors).  Any litigation commenced by Meyers on behalf of the Trustee requires the Trustee's authorization, and the Trustee and Meyers agree that Meyers will not represent the Trustee in any claims against the Marshalls.

As set forth in the Employment Reply, the Objectors do not have standing to bring such claims against the Marshalls on behalf of the bankruptcy estate, and misconduct of the Marshalls would not provide the Objectors with a defense or setoff against the Trustee's claims of misconduct against the Objectors.  In the event the Trustee determines there are viable (and cost-effective) claims to be pursued by the Trustee against the Marshalls, then separate counsel or Trustee's general counsel will be engaged to pursue such claims.  In the event an actual conflict arises, then the situation will be reevaluated.  Additionally, the Court may deny payment of compensation to Meyers pursuant to 11 U.S.C. 328(c) if appropriate.

**B.    Split of Net Proceeds is a Business Decision of the Trustee**

The Objectors are also contesting the Settlement Motion because they do not feel the 25/75% split of any net proceeds is justified in light of their feelings about the Marshalls.  The Objectors have provided an affidavit reciting their version of the history between the parties, but they have not cited any case law, rule or statute supporting their objection to the Trustee's negotiated settlement agreement with the Marshalls.

The Trustee's business decision to split any net proceeds with the Marshalls 25/75% is partially due to the fact that ownership of the Subject Claims is in dispute as detailed in the Settlement Motion.  The Trustee believes the Subject Claims were not sold or transferred during the asset sale, but the Marshalls assert that they were, and this will require substantial litigation and delay to resolve if not settled.

/ / /

/ / /

The Trustee's business decision to split the net proceeds 25/75% with the Marshalls is also based on the fact that the Marshalls and Meyers Law Group are bearing all of the up-front cost and risk of investigating the Subject Claims.  The 25% the estate will recover is more than the zero the estate would receive if the Marshalls did not financially support the litigation.

Speculative claims against creditors and indistinct complaints about the division of proceeds do not constitute a basis to deny approval of the proposed Amended Settlement Agreement.  The Trustee has demonstrated that the Amended Settlement Agreement is in the best interest of the estate and creditors and should be approved.

Dated: April 12, 2019

/s/ Jason A. Imes
Jason A. Imes, Esq.
Schwartzer & McPherson Law Firm
2850 S. Jones, Blvd., Suite 1
Las Vegas, NV 89146
*Counsel for Lenard E. Schwartzer, Trustee*